Sumner *v.* Hartland.

DAVID H. SUMNER AND OTHERS *v.* TOWN OF HARTLAND

*Motion for a writ of certiorari.*

The extent of allowing costs, in session matters, is much in the discretion of the County Court.

It is not common to bring up the record in session matters, except for obvious departure from the law, in matters pertaining to the merits ; and in such case the proceedings are quashed.

A party who has obtained judgment in such a case, and seeks to have judgment for his costs, in addition to the one he has already obtained, cannot obtain this, by a writ of *certiorari,* as no such office has been allowed this writ, in this State.

*Query,* Whether mandamus, would not be the more appropriate proceeding to attain this object.

MOTION for a writ of certiorari.

The counsel for plaintiffs filed with his motion an affidavit, setting forth, that at the December term, 1852, of the Windsor County Court, there was pending a petition brought by the plaintiffs, praying for the appointment of commissioners to lay out, and also discontinue, a certain highway in said Hartland ; that commissioners were appointed, who decided to lay out the said highway, and discontinue the other as prayed for; that they made report of their proceedings to the said court, and exceptions were filed to the said report, and that the said court accepted said report, and ordered said town to open and build said road, according to said report; that plaintiffs claimed before said court, the allowance of cost, to be taxed according to law, as between parties, and that said court decided against said claim, and refused to allow any costs, &c.

The motion, after the formal part was as follows, viz :

" David H. Sumner and others, considering themselves deprived " of their just rights, by the disallowance of their costs specified in "said affidavit, now move your Honors, the premises considered, "to grant them a writ of *certiorari* to the said County Court, " commanding them forthwith, or within some reasonable time, to " be designated by your Honors, to certify to the Supreme Court, " the record of the said David H. Sumner and others, and all the

" proceedings upon, and touching the same, that this court may in-
" spect the same record and ascertain, whether the said David H.
" Sumner and others, have sustained any injury, from the proceed-
" ings and decision of said County Court in the premises; and if
" any, to rectify the same, as law and justice may require."

*T. Hutchinson* for plaintiffs.

*Washburn & Marsh* for defendants.

The opinion of the court was delivered by

REDFIELD, Ch. J.  This is a motion for a writ of *certiorari*, to
correct a judgment of the County Court. The court are rather
inclined to believe, that this is a case, where the prayer of the pe-
tition must be regarded, as wholly granted, by the County Court,
so that in strictness, costs should probably have been allowed.
But the extent of such costs, is much in the discretion of the
County Court, and it is often more equitable, that they should be
wholly disallowed, as was very often done, under the former stat-
ute, by the County Court.

This court have always declined to interfere, with questions of
allowing or disallowing costs, in the court of chancery; and I
think we should do so, in regard to costs, in these session matters,
in the County Court. It has not been common to bring up the rec-
ord in these cases, except for some obvious departure from the law,
in matters pertaining to the merits. And in such case, the proceed-
ings are quashed. But that will not avail the party here. He
wishes to have the judgment remain, and to have judgment for his
costs, in addition to the one he has already obtained. We do not
well see, how he can obtain this by *certiorari*. In such case, we
do not proceed to render in this court, such a judgment, as the
County Court should have rendered, which is done on writ of er-
ror, when the record is retained in the Superior Court. But we
never retain any of these session matters, in this court. But we
either quash them altogether, or after reversing some erroneous
judgment, remand them for farther proceedings. In England the
office of a *certiorari* is perhaps more extensive. It is the common
process there, to bring an indictment, or any other record, from an

inferior court, into a superior one, to be there proceeded with. But no such office has been allowed to this writ, in this State.

Motion dismissed without costs.

NOTE. A mandamus would probably be a more appropriate proceeding to attain the object here sought. The consideration however, that these costs have not been taxed by the County Court, so as to enable this court to render judgment for them, even if the case were here upon error, is a farther reason, why we could not grant the relief asked, in any form. If the party is denied costs against law, he must get the County Court to place upon the record, a bill of exceptions, showing, what costs the party had incurred in the suit, and which he claimed to have allowed, or the Superior Court connot render judgment for them, even on error. This court would never, upon error, reverse the judgment of the County Court as to costs, and then tax the costs here. *Pollard* v. *Wheelock*, 20 Vt. 370.

The costs not being taxed in the County Court too, we are wholly at a loss to know, to what extent the petitioners have suffered by the deprivation ; we have not therefore, the means of saying, whether, in that respect, any such abuse has intervened, as to justify this court in interfering, by allowing a writ resting in discretion merely.