680 P.2d 823

**Rita F. SHOCKEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Ameron, Respondent Employer,**

**Ameron, Respondent Carrier.**

**No. 1 CA–IC 2947.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 30, 1983.

Reconsideration Denied Feb. 22, 1984.

Review Denied May 10, 1984.

Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for petitioner.

Jones, Skelton & Hochuli by Calvin Harris, Phoenix, for respondent employer and respondent carrier.

Sandra Day, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

## OPINION

MEYERSON, Presiding Judge.

Four issues are raised in this special action review of an Industrial Commission decision upon review which reversed an award for continuing benefits:

1. Whether the failure of the administrative law judge (judge) to render a decision upon review within sixty days pursuant to A.R.S. § 23–943.F. (Supp.1983) left the judge without jurisdiction to enter the decision upon review.

2. Whether the decision upon review is sufficiently specific.

3. Whether the decision upon review is supported by the evidence.

4. Whether the judge was required to authorize benefits for surgery undergone by the claimant during the period when the award was on administrative review.

## FACTS

Petitioner, Rita F. Shockey, hurt her back on September 3, 1981, while working for respondent employer, Ameron, when she slipped on a concrete ramp and fell. Her workers' compensation claim was accepted for benefits. In December, 1981, petitioner was examined by a group of physicians who determined that her condition was stationary with no permanent functional impairment. Petitioner's treating physician, on January 10, 1982, released her to regular work without the need of further medical care. Her physician also discharged her with no permanent impairment.

Based upon the physicians' reports, the carrier issued a notice of claim status terminating petitioner's temporary benefits effective January 10, 1982. Petitioner requested a hearing against the carrier's closure of her claim, and formal hearings were held on July 8, 1982, and August 26, 1982. Evidence presented at the hearing included petitioner's testimony and the testimony of Gerald C. Moczynski, M.D., and Stuart Phillips, M.D.

An award was issued by the judge on September 2, 1982. The judge accepted the testimony of Dr. Phillips that petitioner needed additional back surgery as a result of her industrial injury. The award also determined that petitioner was entitled to total temporary benefits until her condition relative to the industrial injury became stationary. The carrier requested the judge to review the award and to change the finding regarding the conflict of the evidence between Dr. Moczynski and Dr. Phillips. The judge was asked to conclude that petitioner's condition was stationary without need of further medical treatment and without permanent physical impairment. On November 15, 1982, petitioner opted to proceed with the surgery recommended by Dr. Phillips, although the time for review of the award had not expired.

On December 7, 1982, more than sixty days after the request for review, the judge issued a decision upon review which reversed the prior findings and award. The decision upon review left intact a determination that petitioner was entitled to temporary total benefits until January 10, 1982, but found that as of that date, her

condition became stationary with no permanent impairment. In effect, the judge reversed the prior decision accepting the testimony of Dr. Phillips that petitioner was in need of further surgery. This special action followed.[1]

## JURISDICTION TO ENTER DECISION UPON REVIEW

The award in this case was entered on September 2, 1982. Ameron's request for review was filed on October 1, 1982, and petitioner's response was filed on October 18, 1982. The decision upon review in this case was not filed within sixty days of October 1, 1982, the date upon which review was requested, but was instead filed on December 7, 1982, or seven days late. On review, petitioner contends that the language of A.R.S. § 23-943.F. (Supp.1983) is mandatory and that the judge was without jurisdiction to issue a decision upon review after the expiration of sixty days.

A.R.S. § 23-943.F. (Supp.1983) provides:

The presiding administrative law judge may affirm, reverse, rescind, modify or supplement the award and make such disposition of the case as is determined to be appropriate. A decision upon review shall be made within sixty days after the review has been requested, with preference being given to those cases not receiving compensation.

After reviewing the arguments of the parties, we find that the interpretation of the sixty-day time limit in A.R.S. § 23-943.F. (Supp.1983) gives rise to similar policy considerations as are encountered in regard to rulings by superior court judges.

The Arizona Constitution provides:

Every matter submitted to a judge of the superior court for his decision shall be decided within sixty days from the date of submission thereof. The Supreme Court shall by rule provide for the speedy disposition of all matters not decided within such period.

Ariz. Const. art. VI, § 21. Notwithstanding the mandatory language of this constitutional provision, our courts have held that the provision is a strong directive but is not mandatory, and that failure to render judgment within sixty days does not divest the superior court of jurisdiction. *Estate of Appleton v. Dunkel*, 15 Ariz.App. 490, 493, 489 P.2d 864, 867 (1971); *Western Savings and Loan Ass'n v. Diamond Lazy K Guest Ranch, Inc.*, 18 Ariz.App. 256, 261, 501 P.2d 432, 437 (1972). As pointed out by Ameron, these cases relied on the early decision of *Williams v. Williams*, 29 Ariz. 538, 243 P. 402 (1926) (construing the former provision, Ariz. Const. art. VI, § 15) which resolved the issue and is still good law today. In *Williams*, the Arizona Supreme Court noted that the Washington Constitution, like Arizona's, requires that judgments be rendered within sixty days and also provides that the provisions are mandatory unless by express words they are declared to be otherwise. Agreeing with the rationale of the Washington Supreme Court in *Demaris v. Barker*, 33 Wash. 200, 74 P. 362 (1903), our supreme court recognized that the purpose of such a

1. Preliminarily, we must consider a previous motion by Ameron to strike portions of petitioner's opening brief. This matter was taken under advisement pending a determination of the issues on the merits. Attached to the opening brief are medical reports pertaining to the surgery which petitioner had while the award was on administrative review. These medical reports were not a part of the evidence which formed the basis for either the award or the decision upon review presently on appeal. Petitioner argues that these medical reports were provided to the judge in connection with petitioner's letter concerning the late entry of the decision upon review. However, the surgical reports in question were never made a part of the Industrial Commission claims file, insofar as that file pertains to this award and decision upon review. This supporting medical documentation was filed in the subsequent petition to reopen.

We agree that inclusion of the medical reports in the appendix to the opening brief was improper. Accordingly, this court will not consider the medical reports described above in reaching a resolution of this appeal. However, in the exercise of this court's discretion, the motion to strike portions of the opening brief is denied.

provision was to ensure the "speedy determination of causes" but emphasized:

[I]t was never thought that the remedy was to be found in the holding that the judgment afterwards rendered is nugatory. To give it this construction is to prolong the very evil it was sought to avoid, and to punish the very persons whom it was intended should be its beneficiaries. If the judgment, when rendered, is to be declared void, then the litigants, who have already been subjected to an unconstitutional delay must again be subjected to the additional delays necessary to again bring the cause to the condition it was before the court violated its sworn duty. They must also pay the accruing costs necessary for that purpose. Were the delay something within the control of the litigant, were it caused by his own dereliction, the conclusion contended for might be tolerated. But the litigant cannot control the action of the court after he has submitted his cause for its decision.... To punish the litigant for the wrongs of the court which he has no power to prevent, is not, we repeat, the purpose of this constitutional provision, and to so hold would be subversive of its intent.

*Williams*, 29 Ariz. at 543, 243 P. at 403 (quoting *Demaris*, 33 Wash. at 203, 74 P. at 363).

■ The actions of an administrative law judge are no less significant to the litigant in a workers' compensation matter than are the actions of the superior court judge in a civil case. We find that the same considerations, articulated above, pertain to the time limits provided by statute for the entry of a decision upon review. The carrier in this case, who by right requested review of the decision, does not control the action of the judge in rendering the decision upon review within the sixty-day time frame of A.R.S. § 23–943.F. (Supp.1983). To hold that the judge is without jurisdiction to enter a decision upon review after the passage of sixty days, would be to deprive a litigant of the right to review on the basis of circumstances over which that litigant has no control.

On this basis, and upon the same reasoning found in the Arizona cases that discuss the analogous constitutional provision, we find that the sixty-day provision is necessarily directive and not mandatory. Thus, although the sixty-day time limit should be observed as a matter of course in all but extraordinary circumstances, *see Wustrack v. Clark*, 18 Ariz.App. 407, 409, 502 P.2d 1084, 1086 (1972), the nominal tardiness of the decision upon review in this case does not render it void due to untimeliness, nor does it fail for lack of jurisdiction.

## SPECIFICITY OF THE DECISION UPON REVIEW

■ We now turn to petitioner's argument that the decision is legally insufficient because it is not specific enough to adequately dispose of the material issues in the case. The test to be applied in considering whether an award is legally sufficient is whether the findings are such that they necessarily dispose of all the material issues involved. *Cavco Industries v. Industrial Comm'n*, 129 Ariz. 429, 435, 631 P.2d 1087, 1093 (1981); *Tucson Elec. Power Co. v. Industrial Comm'n*, 139 Ariz. 80, 82, 676 P.2d 1138, 1140 (App.1983). When the determinations of the judge dispose of the ultimate issues in the case, the lack of specificity as to how that ultimate finding was reached will not warrant reversal if the reviewing court is able to determine whether the basis of the judge's conclusion was legally sound. *Cavco Industries*, 129 Ariz. at 435, 631 P.2d at 1093. "Although we believe the better practice is to inform the participants in an action of the facts and logic used to resolve their disputes, the Commission has wide latitude in reaching its decision." *Dickerson v. Industrial Comm'n*, 21 Ariz.App. 125, 126, 516 P.2d 334, 335 (1973) (Industrial Commission reversed hearing officer and claimant unsuccessfully contended that the Commission's decision was not sufficiently specific).

■ The ultimate issue to be decided by the judge was whether petitioner's condi-

tion relating to the industrial injury was stationary without permanent impairment. In the initial award, the judge accepted the testimony of Dr. Phillips that petitioner suffered from a condition of coccygodynia, a tailbone problem, which was related to the industrial injury. However, Ameron asked the judge, by filing the request for review, to reconsider the evidence on the issue. The judge did so and, in the decision upon review, entered the following finding:

Upon reconsideration of all the testimonial and documentary evidence, and resolving any conflicts therein, it is concluded that by January 10, 1982 at the latest applicant's condition resulting from her injury was stationary without permanent physical or mental disability.

On appeal, petitioner argues that the medical reports which support the January 10, 1982, stationary date did not consider the condition of coccygodynia and therefore, did not conflict with Dr. Phillips' testimony regarding the need for treatment occasioned by that condition.

A review of the testimony, together with the medical reports in the file, shows that Dr. Gauntt, one of the petitioner's original treating physicians, and the group consultation physicians were aware of petitioner's continuing tailbone problems. Nevertheless, these physicians were of the opinion that petitioner's condition relating to the industrial injury was stationary, without permanent impairment or need for any additional medical treatment. Thus, we find that there was a conflict of medical evidence and that the decision upon review, which specifically states that the judge considered and resolved all conflicts, is sufficiently specific.

## SUFFICIENCY OF THE EVIDENCE

■ Our previous discussion of the record in connection with the specificity of the award is also pertinent here. Of course, a determination of an administrative law judge will be upheld if supported by any reasonable basis in the record. *Home Insurance Company v. Industrial Commission*, 123 Ariz. 348, 350, 599 P.2d 801, 803 (1979).

■ As discussed previously, one of petitioner's treating physicians, Dr. Gauntt, was of the opinion that petitioner's condition, including problems in the tailbone area, was stationary with no permanent impairment as of January, 1982. A previous evaluation by a consulting group of physicians reached a similar conclusion as of December 28, 1981. Finally, at the hearings in this matter, Dr. Moczynski testified that he did not feel petitioner's condition, including the tailbone condition, required further medical treatment including surgery. We conclude there was ample basis in the record to support the decision upon review finding that petitioner's condition relative to the industrial injury was stationary with no permanent impairment.

## SURGERY

■ Finally, we also find unpersuasive petitioner's argument that once she had undergone surgery for the tailbone condition, the judge should have authorized benefits to cover the cost of that surgery. We do not agree. By undergoing post-award surgical procedures while the matter was still upon review before the judge, and not final, petitioner assumed the risk that the award might be reversed in the decision upon review. It should be noted that issuance of the decision upon review on December 7, 1982, had no effect on the timing of the surgery, which was undertaken on November 15, 1982. It is not argued that the November surgery was a matter of emergency. Therefore, the prudent course would have been to wait until the award, upon which petitioner relied for benefits, became final. Under these circumstances, we find no inherent unfairness.

For all of the reasons given above, the decision upon review granting continuing temporary total benefits through January 10, 1982, and finding petitioner's condition stationary with no permanent impairment subsequent to that date is affirmed.

BROOKS and CORCORAN, JJ., concur.