ROBERT SCHRECK *v.* CITY OF STAMFORD
(AC 21984)

Lavery, C. J., and Mihalakos and West, Js.

Argued May 29—officially released September 24, 2002

*Joseph Gerardi,* for the appellant (plaintiff).

*Richard S. Bartlett,* for the appellee (defendant).

MIHALAKOS, J. The plaintiff, Robert Schreck, appeals from the decision of the workers' compensation review board (board), affirming the commissioner's decision in favor of the defendant city of Stamford (city) on its claim for credit for the amount of settlements entered by the plaintiff. On appeal, the plaintiff claims that the board improperly found that he waived his right to enforce the 120 day time limit prescribed by General Statutes § 31-300.[1] We reverse the decision of the board and remand the case for a new hearing.

The following facts and procedural history are relevant to our disposition of this appeal. On April 7, 1994, the commissioner conducted hearings regarding whether the defendant was entitled to a credit for amounts the plaintiff received from settlements of his claims against third parties. The record was closed on November 2, 1995, and the commissioner issued his decision in the defendant's favor on March 29, 1996. The plaintiff's counsel did not receive notice, however, until April 11, 1996. That same day, the plaintiff appealed to the board, arguing, inter alia, that the commissioner failed to issue his decision within 120 days as required by § 31-300. The board dismissed the appeal as untimely under General Statutes § 31-301 (a), which authorizes appeals to the board within ten days of the entry of a commissioner's decision. This court reversed the board's dismissal, ruling that the appeal period did

---

[1] The plaintiff also claims that the board improperly (1) held that, pursuant to General Statutes § 31-293, an employer is entitled to a credit in the amount of a claimant's recovery from a third party settlement which occurred without the filing of a lawsuit, (2) affirmed the commissioner's finding that the city relied on the statements of the plaintiff's attorney that it would be reimbursed for its lien and (3) refused to scrutinize the subordinate facts found by the commissioner because the plaintiff did not file a motion to correct. We do not address these issues because the plaintiff's first claim is dispositive. See *Litchfield Asset Management Corp.* v. *Howell*, 70 Conn. App. 133, 139, 799 A.2d 298, cert. denied, 261 Conn. 911, 806 A.2d 49 (2002).

not begin to run until notice was sent to the plaintiff rather than to his counsel. We held that because notice had not been sent to the plaintiff, his appeal was timely. See *Schreck* v. *Stamford*, 51 Conn. App. 92, 94, 719 A.2d 1208 (1998). Our Supreme Court, however, reversed our decision, ruling that the ten day limitation period of § 31-301 (a) commences on the date that notice is sent to the party's counsel. The Supreme Court directed this court to remand the case to the board for further proceedings to determine whether the plaintiff's counsel had received timely notice of the commissioner's decision and whether he was at fault for failing to receive timely notice. See *Schreck* v. *Stamford*, 250 Conn. 592, 737 A.2d 916 (1999); see also *Kudlacz* v. *Lindberg Heat Treating Co.*, 250 Conn. 581, 590–91, 738 A.2d 135 (1999).

On July 21, 2000, the board found that the plaintiff's counsel did not receive timely notice of the commissioner's decision and that he was not at fault for failure to receive such notice. The board therefore reinstated the plaintiff's appeal.

On May 17, 2001, the board considered the merits of the appeal and affirmed the decision of the commissioner on the ground that the plaintiff had waived his right to enforce the 120 day time limit prescribed by § 31-300. This appeal followed.

The plaintiff first claims that the board improperly held that he waived his right to enforce the 120 day time limit set forth in § 31-300 by failing to object prior to the commissioner's issuance of the decision. We agree with the plaintiff.

Section 31-300 provides in relevant part: "As soon as may be after the conclusion of any hearing, but no later than one hundred twenty days after such conclusion, the commissioner shall send to each party a written copy of his findings and award. . . ." This statutory

provision is mandatory rather than discretionary. See *Stewart* v. *Tunxis Service Center*, 237 Conn. 71, 80, 676 A.2d 819 (1996). Moreover, "[a]lthough a mandatory statutory provision typically must be strictly complied with, the parties may waive noncompliance, either explicitly or implicitly by conduct." Id.

Our Supreme Court has "characterized a late judgment as voidable rather than as void . . . and [has] permitted the lateness of a judgment to be waived by the conduct or the consent of the parties." (Citations omitted.) *Waterman* v. *United Caribbean, Inc.*, 215 Conn. 688, 692, 577 A.2d 1047 (1990). Although the *Waterman* court interpreted General Statutes § 51-183b in conjunction with a trial court's judgment, we have applied the holding of *Waterman* to decisions rendered in workers' compensation cases in accordance with § 31-300. See *Dichello* v. *Holgrath Corp.*, 49 Conn. App. 339, 350, 715 A.2d 765 (1998). Therefore, when "late judgment has been rendered and the parties fail to object seasonably, consent may be implied." *Waterman* v. *United Caribbean, Inc.*, supra, 692.

"Waiver is the intentional relinquishment of a known right. . . . A waiver occurs, therefore, only if there is both knowledge of the existence of the right and intent to relinquish it. . . . [Waiver] involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish [must] appear, but acts and conduct inconsistent with intention [to assert a right] are sufficient." (Citations omitted; internal quotation marks omitted.) *Dichello* v. *Holgrath Corp.*, supra, 49 Conn. App. 349–50. "Wavier does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.) *Stewart* v. *Tunxis Service Center*, supra, 237 Conn. 80–81.

In the present case, the commissioner issued his decision 148 days after the close of the record. The plaintiff objected to the decision on the day that it was received. In its decision, the board held that the plaintiff's objection was untimely because it was filed after the decision was issued. There is, however, no requirement that a party object to a decision, or a judgment for that matter, prior to its issuance.[2] Because the plaintiff objected the very day he received the decision, the objection was seasonable. See *Building Supply Corp.* v. *Lawrence Brunoli, Inc.*, 40 Conn. App. 89, 669 A.2d 620 (objection filed five days after judgment seasonable), cert. denied, 236 Conn. 920, 674 A.2d 1326 (1996); compare *Dichello* v. *Holgrath Corp.*, supra, 49 Conn. App. 352 (objection filed 280 days after judgment not seasonable).

Thus, the board improperly concluded that the plaintiff waived his right to object to the 120 day requirement. "The consequence of the [commissioner's] failure to render a decision within the statutory time limit is the revocation of the [decision] eventually rendered, and the concomitant necessity for a new [hearing]." *Sanchez* v. *Prestia*, 29 Conn. App. 157, 161–62, 612 A.2d 824, cert. denied, 224 Conn. 913, 617 A.2d 167 (1992), citing *Waterman* v. *United Caribbean, Inc.*, supra, 215 Conn. 691. Therefore, the plaintiff is entitled to a new hearing.

The decision of the workers' compensation review board is reversed and the case is remanded to the board

---

[2] The defendant offers *Stewart* v. *Tunxis Service Center*, 16 Conn. Workers' Comp. Rev. Op. 69, 71, 1684 CRB-6-93-4 (Oct. 30, 1996), *Dichello* v. *Holgrath Corp*, 15 Conn. Workers' Comp. Rev. Op. 441, 2249 CRB-5-94-12 (September 5, 1996), and *Soto* v. *Swank Crestline, Inc.*, 3255 CRB-7-96-1 (July 24, 1997), for the proposition that a party must object to the timeliness of a decision prior to its issuance to avoid waiving the 120 day rule. It is axiomatic that this court is not bound by the decisions of the compensation review board. Because the defendant has provided no binding authority, and our research has revealed none, to support this proposition, the defendant's argument must fail.

with direction to reverse the commissioner's decision and to remand the case for a new hearing before the commissioner.

In this opinion the other judges concurred.