261 P.3d 776

**Steven McCURRY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**ADP. TotalSource 1, Inc.,/M21/Act Management, Respondent Employer,**

**Specialty Risk Services, Respondent Carrier.**

**No. 1 CA–IC 10–0048.**

Court of Appeals of Arizona, Division 1, Department E.

July 7, 2011.

Barton L. Baker, Attorney at Law by Barton L. Baker, Yuma, Attorney for Petitioner.

Andrew Wade, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Doherty & Venezia, P.C. by Julie A. Doherty, Phoenix, Attorneys for Respondents Employer and Carrier.

## OPINION

PORTLEY, Judge.

¶ 1 After his injury, Stephen McCurry filed a workers' compensation claim. The Industrial Commission of Arizona ("ICA") subsequently determined that his claim was noncompensable. He appeals, and, in our special action review, we are asked to decide whether the statutory requirement that an Administrative Law Judge ("ALJ") issue a decision within thirty days after a hearing is mandatory and jurisdictional.[1] Because the thirty-day provision in Arizona Revised Statutes ("A.R.S.") section 23–942(A) (1995) is not jurisdictional, we affirm the Award and Decision Upon Review for a noncompensable claim.

## DISCUSSION

¶ 2 McCurry asserts that the Award must be set aside because the decision was issued past the thirty-day period set forth in A.R.S. § 23–942(A).[2] Because the issue raises a question of statutory interpretation, our review is de novo. *Self v. Indus. Comm'n,* 192 Ariz. 399, 400, 966 P.2d 1003, 1004 (App. 1998).

¶ 3 Section 23–942(A) provides that "[u]pon the conclusion of any hearing, or prior thereto with concurrence of the parties, the administrative law judge *shall promptly and not later than thirty days after the matter is submitted for decision determine the matter and make an award* in accordance with his determination." (Emphasis added.) Although the plain language of § 23–942(A) appears to impose a mandatory thirty-day time limit, in *Shockey v. Industrial Commission,* we considered an analogous statute,

---

1. We address the remaining issue raised on appeal in a separate memorandum decision. *See* ARCAP 28(g).

2. The hearing ended on March 10, 2010, and the decision was issued on May 21, 2010.

A.R.S. § 23–943(F) (1995),[3] and held that a statutory requirement to issue a decision in sixty days was "directive and not mandatory." 140 Ariz. 113, 117, 680 P.2d 823, 827 (App.1983).

¶ 4 There, the Decision on Review was issued sixty-seven days after the request, and Shockey argued that the decision was void because it was untimely pursuant § 23–943(G). 140 Ariz. at 116, 680 P.2d at 826. In deciding that the sixty-day requirement was only directive, we relied on *Williams v. Williams*, 29 Ariz. 538, 243 P. 402 (1926), where our supreme court considered whether the sixty-day time limit imposed on superior court judges by Article 6, Section 15, of the Arizona Constitution,[4] was jurisdictional. The court held that the constitutional provision was not jurisdictional and stated:

> If the judgment, when rendered, is to be declared void, then the litigants, who have already been subjected to an unconstitutional delay must again be subjected to the additional delays necessary to again bring the cause to the condition it was before the court violated its sworn duty. They must also pay the accruing costs necessary for that purpose. Were the delay something within the control of the litigant, were it caused by his own dereliction, the conclusion contended for might be tolerated. But the litigant cannot control the action of the court after he has submitted his cause for its decision. To punish the litigant for the wrongs of the court which he has no power to prevent, is not, we repeat, the purpose of this constitutional provision, and to so hold would be subversive of its intent.

*Williams*, 29 Ariz. at 543, 243 P. at 403 (quoting *Demaris v. Barker*, 33 Wash. 200, 74 P. 362, 363 (1903)). We found that the same concerns expressed in *Williams* applied to workers' compensation case decisions. *Shockey*, 140 Ariz. at 117, 680 P.2d at 827.

¶ 5 McCurry, however, contends that the *Shockey* court erred by analogizing the time limits in workers' compensation statutes, which govern ALJs, to constitutional time limits, which govern superior court judges. Specifically, he contends that ALJs, unlike superior court judges, have no inherent authority.

¶ 6 McCurry's argument is unpersuasive. First, *Shockey*, like *Williams*, has stood the test of time. Second, neither case discussed the inherent authority of judges. Instead, both cases discussed the fact that the statutory time periods were not intended to extend litigation when the judge issued an untimely ruling—a situation neither party could prevent. *Williams*, 29 Ariz. at 542–43, 243 P. at 403 (quoting *Demaris*, 74 P. at 363); *Shockey*, 140 Ariz. at 117, 680 P.2d at 827. While McCurry cites various cases holding that administrative agencies lose jurisdiction by acting outside the scope of their governing statutes, his argument presupposes that § 23–942(A) imposes a mandatory time limit, which it does not.

¶ 7 Our analysis finds support in decisions from other jurisdictions which have held that similar statutory time periods are not jurisdictional. *See, e.g., Scottie–Craft Boat Corp. v. Smith*, 336 So.2d 1150, 1151 (Fla.1976) ("We cannot agree with the Industrial Relations Commission that the subject statutory provision ... is mandatory and divests the Judge of Industrial Claims of jurisdiction."); *Bentley v. Aero Energy, Inc.*, 903 S.W.2d 912, 914 (Ky.Ct.App.1995) ("Obviously, the purpose of the time limit is to speed resolution of compensation cases for the benefit of all parties, not to give claimants an additional bite at the apple should the ALJ's decision prove unsatisfactory."); *In re Martino*, 138 N.H. 612, 644 A.2d 546, 548 (1994) ("The statute's purpose of speeding dispositions would be frustrated were we to interpret the

---

3. Section 23–943(F) provides, in relevant part, that "[a] decision upon review shall be made within sixty days after the review has been requested, with preference being given to those cases not receiving compensation." We cite to the current version of the statute because the relevant portion has not been changed since *Shockey*.

4. Article 6, Section 15, previously provided that "[e]very matter submitted to a judge of the superior court for his decision shall be decided within sixty days from the date of submission thereof." Nearly thirty-five years after *Williams*, the constitutional provision was repealed and replaced by Article 6, Section 21, of the Arizona Constitution.

time limitation as a jurisdictional requirement."); *but see Schreck v. City of Stamford,* 72 Conn.App. 497, 805 A.2d 776, 778 (2002).

¶ 8 In *Coleman v. United Parcel Service,* 155 Vt. 646, 582 A.2d 151 (1990), the Vermont Supreme Court considered whether a statutory sixty-day requirement was mandatory. The statute provided that "[w]ithin sixty days [of hearing], the commissioner shall make his award setting forth his findings of fact and the law applicable thereto and shall forthwith send to each of the parties a copy of such award." Vt. Stat. Ann. tit. 21, § 664 (1990). The court refused to vacate an award issued more than sixty days after the hearing and stated:

> A statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provision. Moreover, compliance with the time limit is never considered essential to the validity of the proceeding, unless such is the expressed or evident intention of the Legislature.

*Coleman,* 582 A.2d at 152.

¶ 9 Like the Vermont statute construed in *Coleman,* § 23–942(A) only imposes a time limit and does not impose a consequence for untimely decisions. In other circumstances, our legislature has provided a remedy or consequence when administrative agencies have failed to act within a statutorily imposed time period. *See* A.R.S. § 5–104(D) (Supp. 2010) (providing that a decision of an ALJ becomes the decision of the director of the department unless rejected or modified by the director within thirty days); A.R.S. § 32–2183(K) (Supp.2010) (providing that a denial of a public report will be rescinded and a public report issued if the department does not comply with statutorily imposed timelines); A.R.S. § 40–370(D) (2001) (providing that a utility's request for a surcharge is deemed effective if the commission fails to issue a decision within 120 days). It was well within the legislature's authority to impose a remedy or consequence for untimely decisions in workers' compensation cases. It did not provide a statutory remedy or consequence, and we decline to do so here. Con-sequently, because § 23–942(A) is directory, rather than mandatory and jurisdictional, the ICA did not lose jurisdiction when the ALJ took more than thirty days to render the decision.

## CONCLUSION

¶ 10 For the foregoing reasons, we affirm the Award.

CONCURRING: LAWRENCE F. WINTHROP and SHELDON H. WEISBERG, Judges.