## John A. Gee v. City of Burlington Et Al

[144 A2d 797]

May Term, 1958

Opinion Filed September 2, 1958

*Edmunds, Austin & Wick* for the defendant.

*Joseph C. McNeil* for the claimant.

**Hulburd, J.** This is an appeal from the findings and order of award made by the Commissioner of Industrial Relations. The claimant, John A. Gee, received an injury to his knees by an accident arising out of and in the course of his employment on the tenth day of September, 1955. Following that injury an agreement for temporary total disability compensation was entered into between the claimant and the insurance carrier providing for the payment of temporary total disability benefits during the period of temporary total disability. The agreement also provided for a review by the Commissioner upon his own motion or on motion of either party upon the ground of a change of the physical condition of the employee. Benefits were paid pursuant to this agreement through October 21, 1956, at which time they were discontinued. Whereupon, an application for hearing was made by the claimant, and a hearing was held thereon, resulting in an order for the payment of compensation as for total disability to the date of the hearing and thereafter at this same rate "until and unless a type of work can be obtained for him that he is able to perform in his impaired condition." The defendants took certain exceptions to some of the findings and to the order of award.

We start with those findings of fact, made by the Commissioner, which have not been challenged by briefed exceptions. The claimant, John A. Gee, became an employee of the electrical department of the City of Burlington on May 1, 1944. While working at his job as a "trouble shooter", on September 10, 1955, he slipped and fell to his knees. As a result of this fall, he suffered abrasions to both knees accompanied by a marked swelling in the right knee. He was first treated by Dr. A. B. Lawrence. Upon his failure to respond to "conservative" treatment administered by Dr. Lawrence, he was referred to Dr. James E. Simpson who performed two different operations on the claimant's right knee. The first consisted in the removal of a fibrous pad which had grown into the joint and had become pinched. Following that operation pain persisted, and so a second operation was performed by Dr. Simpson, at which time the patella, or knee cap, on the claimant's right leg was removed. In the meantime, Gee had attempted to resume work on or about November 12, 1955 but he was

obliged to desist on December 8, 1955, after he found he was unable to perform the duties of his job because of his condition. Disability compensation was discontinued during the trial-work period but was resumed again when the claimant was obliged to give up working. Thereafter payments continued until October 21, 1956. When, on that date, the defendant Company ceased to pay in accordance with its agreement, the claimant applied for a hearing which resulted in the award that is now before us.

The claimant is a man of sixty-four years of age, with only an eighth grade education, and he is not qualified for clerical work. He has spent most of his life doing electrical work of the sort mentioned.

In addition to the foregoing facts, the Commissioner made certain findings to which the defendants excepted as not being supported by the evidence. The first of these is Finding No. 15 which we quote. It is to the italicized portion that the defenants have directed their briefs.

"15. Claimant has reached an end result in the healing process of his knee and *the injury has resulted in inability to continue his regular line of work or at any occupation that necessitates walking or standing for any length of time.* He suffers a pain each time he steps and his knee 'buckles' when he is walking. There has been an accumulation of water in the knee and it has been tapped on several occasions. If he attempts to walk he is obliged to continuously stop to rest and uses a cane if he tries to walk any distance at all." The defendants claim that the evidence fails to show any connection between the condition of the claimant's knee at the time of the hearing and the accident of September 10, 1955. With this we cannot agree. The evidence describes the accident; the appearance of the knee following it; the various treatments and operative procedures which were successively employed to alleviate the claimant's condition; the claimant's attempt to resume work following the accident during which time compensation payments ceased; and finally the resumption of compensation payments when the claimant found that he could not do the work. These payments were made under an agreement signed by the Defendant

Company which specified that the claimant had had an accidental injury to his knees with resulting disability. We think that there was an ample basis for the Commissioner to make the finding he did. The fact that there may have been some evidence tending to indiate that degenerative processes were also present in the claimant's leg did not preclude the Commissioner from finding the way he did. Cf.*Morrill* v. *Charles Bianchi & Sons, Inc.*, 107 Vt 80, 87, 176 A 416.

In Finding No. 16 the Commissioner found that the defendant employer has no particular line of work that the claimant is able to perform, although some effort has been made by the employer to find a job for him. This finding then concludes: "*Claimant has also tried to find suitable work without success.*" It is to this last sentence that the defendant has excepted on the ground that it is unsupported by the evidence. The same ground was made the basis of an exception to Finding No. 17 which reads as follows: "I find that claimant is totally disabled as far as performing any type of work that is presently available to him and is entitled to temporary total disability payments until and unless a type of work can be obtained for him that he is able to perform in his impaired condition."

In approaching the question of whether Findings 16 and 17 are supported by the evidence, it is helpful to have in mind the holdings of *Roller* v. *Warren,* 98 Vt 514, 129 A 168. Here this Court held (p. 519) that "Incapacity for work is total within the Workmen's Compensation Act not only so long as the injured employee is unable to do any work of any character, but also while he remains unable as a result of his injury either to resume his former occupation or to procure remunerative employment at a different occupation suited to his impaired capacity." It was stated also in the opinion (p. 520) " 'Total disability for work' is necessarily a relative term depending in a measure upon the character of the available occupation and the capabilities of the workman. Ordinarily, it is a question of fact depending largely upon the circumstances of the particular case * * * Whether it exists in the particular case is a matter calling for the exercise of sound judgment on the part of the Commissioner, acting within the provisions of the act." This holding was followed in *Sivret* v. *Knight,* 118 Vt 343, 109 A2d

495, a case in which the claimant had been able to secure some employment, at least, after his injury.

Returning now to Finding No. 17 in which the Commissioner finds that the claimant is totally disabled so far as performing any type of work that is presently available, we note the following evidence bearing on this point in the transcript. Dr. Lawrence, who had full knowledge of the claimant's physical condition, testified that he was familiar with the local employment situation by reason of his being on the Examining Board of the City, and that he knew of no job in the area which a man with the claimant's limitations could handle. William A. Stebbins, Superintendent of the Burlington Electric Light Department also testified. In addition to his present position he had also been Superintendent of the Street Department and City Engineer. He gave testimony to the effect that he was acquainted with "city employment" in his various capacities and that he knew of no job in "city employment" which the claimant was able to do taking into consideration the claimant's background. The claimant, himself, also testified that he knew of no kind of work which he was able to do at a table, bench or desk.

■ It is to be observed that the nature of the claimant's physical disability when added to his limited aptitude for alternative work tends to reduce work-opportunities for him to a very narrow range indeed. The defendants put in no evidence at all on this question nor on any other phase of the case for that matter. We think as the evidence stood that the Commissioner was justified in finding that there was no work available in the area which the claimant was able to do. It can not be said that there is no evidence to support Finding No. 17 as claimed by the defendants.

With the exception to Finding No. 17 out of the way, the exception to Finding No. 16 loses all importance. The latter exception is directed against the finding that "the claimant has also tried to find suitable work without success." Whether this finding is supported by the evidence becomes immaterial in view of the fact, as we have already seen, that there was no suitable job to be found in the area. The claimant can hardly

be blamed for not striving harder to find a job which wasn't to be had. The evidence was that the claimant, himself, did not extend his efforts to get a job beyond attempting to obtain work from his former employer. However, the effect of the establishment of the fact that there was no suitable work available in the area was to relieve the claimant of a duty of doing more than he did. We think his effort to find work was reasonable in the circumstances and that to require more would be an insistence upon the performance of a useless act, something which the law does not require. In the case of *Schnatzmeyer* v. *Industrial Commission*, 77 Ariz 266, 270 P2d 794, 795, cited by the defendants, there was no definite finding of unavailability of work as here; in fact the Commission pointed out specific industries in which the claimant might have been able to get employment. The defendants have also cited *Fawlay* v. *Doehler-Jarvis Div. of National Lead Co.*, 342 Mich 100, 68 NW2d 768, and also *Colantino* v. *Kingsbury Machine Tool Co.*, 97 NH 23, 79 A2d 633. Without discussing these cases individually, it is enough to say that they stand for the proposition that a claimant is not excused from endeavoring to get suitable work where the circumstances are such as to indicate a genuine possibility of obtaining it.

The remaining exception briefed for our consideration concerns the award. In it the Commissioner ordered that payments of temporary total benefits continue to the claimant "until suitable employment can be found for him that he is able to perform in his impaired condition." The defendants point to the expression *can be found for him.* These words, they contend, seem to relieve the employee of all duty to use reasonable effort to obtain employment suitable to his impaired capacity. We are not convinced that the Commissioner intended that they should have such a meaning, or that they have such an effect. Doubtless they came about by reason of the fact that the Commissioner had in mind that the claimant, in his disabled condition, could do little or no personal solicitation—that his efforts would have to be largely through others. We think under the award that the claimant would not be excused from using reasonable efforts to secure employment but, of course, the nature of the circumstances would control as to

what constituted such an attempt. See on this Larson's Workmen's Compensation Law, Vol. 2, §57.66, at page 40 and cases cited. Since the construction which we place upon the award, becomes binding upon the parties, it has the effect of clarifying the award,— or even modifying it, if that were needed—so that there is no possibility that the defendants will be subjected to the interpretation which they fear for it. No prejudicial error appears.

*Affirmed. Let the result be certified to the Commissioner of Industries.*