Eric **WYCHUNAS**, Plaintiff

v.

Michael **O'TOOLE**, City of Pottsville, Robert Phillips, Schuylkill Haven Borough, Robert Bruce, and the Commonwealth of Pennsylvania, Defendants

No. Civ.A. 3:01–0557.

United States District Court, M.D. Pennsylvania.

March 25, 2003.

---

Donald J. Feinberg, Feinberg and Silva, Philadelphia, PA, for Plaintiff.

Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Harrisburg, PA, for Robert Phillips.

David J. MacMain, Montgomery McCracken Walker & Rhoads, Philadelphia, PA, for City of Pottsville.

Gwendolyn T. Mosley, Harrisburg, PA, for Michael O'Toole.

*MEMORANDUM AND ORDER*

MANNION, United States Magistrate Judge.

Pending before the court is the defendants' motion for summary judgment. (Doc. No. 33).

## I. PROCEDURAL HISTORY AND FACTS

By way of relevant background, on March 30, 2001, the plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. He alleges that the above-named defendants [1] violated his civil right to be free from unlawful arrest and seizure, in relation to his arrest on March 30, 1999, for alleged violations of the Controlled Substance, Drug, Device & Cosmetic Act, 35 Pa.C.S. §§ 780–113. The plaintiff bases his claim upon "blatant misrepresentations and significant omissions contained within Defendants' Affidavit of Probable Cause." (Doc. No. 1).

On August 15, 2002, the defendants filed a motion for summary judgment, (Doc. No. 33), along with a statement of material facts, (Doc. No. 34). A brief and documentation in support of the motion were filed on August 29, 2002. (Doc. Nos. 35 & 36). The plaintiff filed a response to the defendants' statement of material facts on September 3, 2002, (Doc. No. 37), and a brief in opposition to the motion on September 26, 2002, (Doc. No. 40). On October 8, 2002, the defendants filed a reply brief. (Doc. No. 41).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

1. Since the filing of the instant action, the defendants Commonwealth of Pennsylvania, City of Pottsville, and Schuylkill Haven Bor-

ough have been dismissed from this action. (*See* Doc. Nos. 16, 28, 32).

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

The Supreme Court has stated that:

"... [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* The moving party can discharge that burden by "showing ... that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

Issues of fact are genuine "only if a reasonably jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph,* 842 F.2d 689, 693–94 (3d Cir.1988) (citations omitted). Material facts are those which will effect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d

202 (1986). The court may not weigh the evidence or make credibility determinations. *Boyle v. County of Allegheny,* 139 F.3d 386, 393 (3d Cir.1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. *Id.*

In his complaint, the plaintiff alleges that on or about March 16, 1999, defendants O'Toole, Phillips, and Bruce filed three criminal complaints against him along with affidavits of probable cause. (Doc. No. 1, ¶¶ 15–17). As a result of the criminal complaints and affidavits of probable cause, the plaintiff alleges that he was arrested on March 30, 1999. (Doc. No. 1, ¶ 18). At his preliminary hearing, the plaintiff states that the District Attorney's office withdrew two of the criminal complaints against him, leaving only one criminal complaint docketed at CR–75–99. (Doc. No. 1, ¶ 19). On November 4, 1999, the plaintiff states that the district attorney *nolle prosequied* the remaining complaint. (Doc. No. 1, ¶ 20).

The plaintiff contends that all of the above criminal complaints were based upon information received by the defendants from Dwight Duckett, ("Duckett"), a confidential informant, and that the defendants knew or should have known that he was an unreliable informant. (Doc. No. 1, ¶¶ 21–22). The plaintiff contends that the defendants compensated Duckett $40.00 each time he purchased drugs and provided him with cost-free housing. (Doc. No. 1, ¶ 23). According to the plaintiff, the

purported drug purchases made by Duckett were not corroborated by the defendants or any other witnesses. (Doc. No. 1, ¶ 24).

In Counts I through III of his complaint, the plaintiff claims that the above actions by defendants O'Toole, Phillips and Bruce, deprived him of his Fourth and Fourteenth Amendment rights in that the defendants lacked probable cause to arrest him; knew or should have known of such; that they failed to aver exculpatory evidence within their affidavits of probable cause; and, that they provided inaccurate information within the affidavits of probable cause. (Doc. No. 1, ¶¶ 28–33). In addition, in Count VII of his complaint, the plaintiff sets forth pendant state claims of false arrest and malicious prosecution. (Doc. No. 1, ¶¶ 43–44).[2] As a result of the above allegations, the plaintiff claims that he suffered humiliation, emotional distress, and pain and suffering, and was incarcerated or otherwise damaged. In addition, he alleges that he incurred expenses, including legal fees. (Doc. No. 1, ¶ 25).

The defendants' statement of material facts, as supported by the depositions of defendants O'Toole, Phillips, and Bruce, as well as the deposition of the plaintiff and statements from Dwight Duckett, indicates that on or about March 30, 1999, the plaintiff was arrested and charged with three violations of the Controlled Substance, Drug, Device and Cosmetic Act. Specifically, the plaintiff was charged with having sold cocaine on November 17, 1998, November 20, 1998, and December 15, 1998. (Doc. No. 36, Ex. A). The plaintiff's arrest was made pursuant to warrants issued by District Justices James Reiley and Charles Moran, which were based upon criminal complaints and affidavits of probable cause

obtained by the defendants. (Doc. No. 36, Exs. B & C). At the time of the plaintiff's arrest, all of the defendants were members of the Schuylkill County Drug Task Force.

The defendants' materials provide that the factual information set forth in the criminal complaints and in the affidavits of probable cause was supplied by Duckett, who claimed he had purchased cocaine from the plaintiff on the above dates. (Doc. No. 36, Ex. A; Doc. No. 36, Ex. D; Doc. No. 36, Ex. E, p. 7; Doc. No. 36, Ex. F, p. 26). In making the drug purchases, Duckett worked as a confidential informant for the Schuylkill County Drug Task Force. (*Id.*). Prior to this, he had been a confidential informant for agents in the Office of the Attorney General. (Doc. No. 36, Ex. F, p. 9; Doc. No. 36, Ex. G, pp. 11–12). As such, the defendants indicate that they had no reason to question his reliability as a confidential informant.

Following the plaintiff's arrest and the arrest of several other individuals in Pottsville, Pennsylvania, the defendants obtained information that caused them to question the reliability of the information provided by Duckett. (Doc. No. 36, Ex. E, pp. 38–39, 41–42; Doc. No. 36, Ex. F, pp. 27–28; Doc. No. 36, Ex. G, p. 13). On this basis, the defendants discontinued their reliance upon and use of Duckett as a confidential informant. (*Id.*).

During the plaintiff's preliminary hearing on two of the charges, the district attorney's office withdrew the charges. The third charge against the plaintiff was the subject of a nolle prosequi by the district attorney. (Doc. No. 36, Ex. E, pp. 38–39; Doc. No. 36, Ex. F, p. 33).

In his response, the plaintiff denies the defendants' statement of material facts to

---

**2.** Counts IV–VI relate to those defendants who have previously been dismissed from this

action. (Doc. Nos. 16, 28 & 32).

the extent that he claims that the defendants had no reason to believe that Duckett was reliable as a confidential informant because they had never worked with him or spoke to any one who had previously worked with him. (Doc. No. 37, ¶ 9). In addition, he states that the defendants never observed Duckett make any of the alleged purchases, but only observed him walk into an apartment building. (*Id.*). The plaintiff contends that the defendants should have never relied upon Duckett since they had no experience with him and should not have compensated him on a per buy basis and should have been in a position to observe the purchases, rather than have Duckett enter an apartment building unsupervised and unobserved. (Doc. No. 37, ¶ 11).

## II. THE RIGHT TO BE FREE FROM UNLAWFUL ARREST

The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Fourth and Fourteenth Amendment rights to be free from unreasonable arrest and seizure. Specifically, the plaintiff contends that there was no probable cause to arrest him and that the defendants knew or should have known this; that they failed to aver exculpatory evidence within their affidavits of probable cause; and, that they provided inaccurate information within the affidavits of probable cause. The plaintiff argues that the defendants' affidavits of probable cause contained material omissions and false assertions.

In order to prevail on a claim brought pursuant to § 1983, the plaintiff must show that the defendants engaged in conduct under the color of state law, and that their conduct deprived the plaintiff of rights, privileges or immunities protected by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Parratt v. Taylor,* 451

U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996).

■ To succeed on a § 1983 claim of false arrest made pursuant to an invalid warrant, whether alleging that the invalidity is based upon an affirmative misrepresentation or a material omission, the plaintiff must establish by a preponderance of the evidence that: (1) the defendants knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant, and (2) that such statements or omissions were material, or necessary, to the finding of probable cause. *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Wilson v. Russo,* 212 F.3d 781, 786 (3d Cir.2000)(citing *Sherwood v. Mulvihill,* 113 F.3d 396, 399 (3d Cir.1997)).

### A. Reckless Disregard for the Truth

The plaintiff must provide sufficient evidence for a reasonable jury to conclude that the defendants made statements or omissions that they "knew [were] false, or would have known [were] false except for [their] reckless disregard for the truth." *United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Wilson, supra.,* the Third Circuit acknowledged that a reckless disregard for the truth means different things when dealing with omissions and assertions, and explained the different ways to analyze each. *Wilson,* 212 F.3d at 787.

### 1. Omissions

With respect to omissions, the plaintiff claims that all three affidavits of probable cause contained omissions concerning the defendants' arrangement with the confidential informant, Dwight Duckett. Specifically, the plaintiff claims that the defendants provided Duckett with an all

expense paid apartment, and they compensated him on a per buy basis. In addition, the plaintiff claims that each affidavit contained omissions concerning the underlying events. Specifically, the plaintiff states that the defendants only witnessed Duckett enter the apartment complex, and did not observe where he went once inside the complex. Moreover, he states that the defendants had no corroboration that he was at the apartment complex at the relevant times. Finally, the plaintiff claims that notably absent from any of the affidavits are any statements by the defendants that they ever saw the plaintiff and Duckett together or in near proximity of one another.

The defendants do not challenge the information cited by the plaintiff as being omitted from the affidavits of probable cause, or his claim that the omissions were made with reckless disregard for the truth. Instead, the defendants discuss only the materiality of the omissions. Thus, construing the facts in a light most favorable to the nonmoving plaintiff, as the court must do on a motion for summary judgment, the court finds that the plaintiff has satisfied the first prong of the *Franks* test as to the claimed omissions.

### 2. Assertions

Assertions can be made with reckless disregard for the truth even if they involve minor details, as recklessness is determined not by the relevancy of the information, but by the officer's willingness to affirmatively distort the truth. *Wilson*, 212 F.3d at 788. Reckless disregard for the truth is equal to a high degree of awareness of probable falsity in the statements. *Id.* An assertion is made with reckless disregard for the truth when "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious

reasons to doubt the accuracy of the information he reported." *United States v. Clapp*, 46 F.3d 795, 801 n. 6 (8th Cir.1995).

■ The plaintiff claims that the defendants included four false assertions in the affidavits of probable cause:

(1) the [confidential informant] has gained the trust and confidence of area drug dealers;

(2) the [confidential informant] is familiar with the area drug dealers and their operations;

(3) the [confidential informant] has provided information confirmed by [defendants]; and

(4) the [confidential informant] has provided information about names of drug dealers which has been confirmed through other services.

With respect to the initial two assertions, the deposition testimony of defendant O'Toole indicates that, to his knowledge, Duckett had never been in Pottsville, Pennsylvania, nor Schuylkill County prior to the events surrounding the arrest of the plaintiff in 1998. (Doc. No. 36, Ex. E, p. 6). Defendant Phillips testimony reflects that he had not known Duckett before October 1998, and that prior to that time, Duckett was an informant from the Pottstown area in Montgomery County and was being relocated to Pottsville in Schuylkill County. (Doc. No. 40, Ex. E, pp. 8–9). Defendant Bruce testified that he also first came to know of Duckett in 1998, through agents of the Attorney General's Office, who had then been working with Duckett in the Pottstown area. (Doc. No. 36, Ex. G, pp. 10–13). Based upon the defendants' deposition testimony, there is no indication that Duckett had ever lived or worked in the Pottsville area, or that he had ever conducted any drug activity in the Pottsville area. Thus, the court finds that the initial two statements made by the defen-

dants in their affidavits of probable cause, (i.e., that Duckett had gained the trust and confidence of area drug dealers and that he was familiar with area drug dealers and their operations), were made with reckless disregard for the truth, as there appears to be no evidence in the record to support these assertions.

■ Concerning the latter two assertions, the deposition testimony of defendant Bruce indicates that, prior to the stings involving Duckett in 1998, Duckett worked with other agents in the Attorney General's Office, including Agents Delgado and Heim. (Doc. No. 36, Ex. G, pp. 11–13). Defendant Bruce testified that it was his knowledge that Duckett had worked as a confidential informant with Agents Delgado and Heim on a regular basis in the Pottstown area, and that their relationship led to the arrest and convictions of more than a half a dozen individuals. (*Id.*). Defendant Phillips testified that he had known Agent Delgado and that he had been the Agent who "sent Duckett [their] way." (Doc. No. 40, Ex. E, pp. 39–40). Finally, defendant O'Toole testified that he had known Agent Delgado and that he had spoken to him about Duckett on one occasion. (Doc. No. 40, Ex. D, p. 44). Given this testimony, the court finds that the latter two assertions cited by the plaintiff, (i.e., that Duckett had provided information confirmed by the defendants and that he had provided the names of drug dealers which had been confirmed through other services), were not made with reckless disregard for the truth, as there is evidence in the record to support these assertions.

**B. Materiality**

■ Next, the court must assess whether the omissions and assertions were material or necessary towards the finding probable cause. *Wilson*, 212 F.3d at 789; *Sherwood*, 113 F.3d at 399. In determin-

ing materiality, the court will correct the warrant by inserting the omissions and excising the offending misstatements and then analyze the "corrected" warrant for probable cause. *Sherwood v. Mulvihill*, 113 F.3d at 399. Probable cause is measured by the low standard, requiring only a "fair probability" that the person committed the crime. *Wilson*, 212 F.3d at 789; *Sherwood* 113 F.3d at 401. "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir.1995)(citing *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir.1990)). Courts determine the existence of probable cause by using an objective standard. The mindset of the "reasonable officer" and not of the actual arresting officer is taken into account. *Berg v. County of Allegheny*, 219 F.3d 261, 272 (3d Cir.2000). Thus, a police officer will be liable for civil damages for an arrest if "no reasonably competent officer" would conclude that probable cause existed. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). While the question of whether probable cause exists in a § 1983 action is typically a question of fact, the district court may conclude in an appropriate case that probable cause did exist as a matter of law, if the evidence viewed most favorably to the plaintiff, reasonably would not support a contrary factual finding. *Sherwood v. Mulvihill*, 113 F.3d at 401 (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 635 (3d Cir.1995); *Velardi v. Walsh*, 40 F.3d 569, 574 n. 1)).

■ In this case, the "corrected" affidavits of probable cause would indicate that, on the dates in question, officers were contacted with information that Duckett

could purchase cocaine from the plaintiff. The affidavits would further reflect that Duckett had been a member of the drug culture, and that he had provided information relating to drug activity which had been confirmed by the officers. Duckett had previously provided information about the names of drug dealers, their addresses, the types of vehicles they drove, the types of drugs involved and other intelligence information that had been confirmed by the officers. Duckett had specifically provided information against two individuals, Keith Nixon and Victor Newton, in reference to their drug activity, and both of these individuals were arrested and controlled substances were seized from them. On the dates in question, the affidavits would reflect that officers met with Duckett, and that the officers searched Duckett and no drugs were found on him. Duckett was then given a certain amount of task force money to make a drug buy. Duckett was followed to a certain address and went into the building. Shortly thereafter, Duckett exited the building and was followed to a pre-determined location where he was again searched. Duckett gave officers a bag or bags containing substances, which field tested positive for cocaine. Duckett gave statements on these occasions indicating that he went into the building, gave the task force money to the plaintiff and was given the bag or bags with a substance inside, which the plaintiff had indicated was cocaine.

Given the low standard by which probable cause is measured, the court finds that the plaintiff has failed to demonstrate that the insertion of the omissions or the excision of the assertions materially affect the existence of probable cause. The court concludes then that the defendants' omissions and assertions were not material to the probable cause finding. Thus, the defendants' motion for summary judgment will be granted.

## III. STATE LAW CLAIMS

With respect to the plaintiff's pendent state law claims, this court has no independent basis of federal jurisdiction over the defendants to hear the plaintiff's state claims of false arrest and malicious prosecution as an independent matter. However, 28 U.S.C. § 1367(a), permits federal courts to decide state-law claims that would not otherwise be subject to federal jurisdiction so long as those claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The Supreme Court has long held that federal courts have the power to hear state law claims that "derive from a common nucleus of operative fact" with federal claims. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). When a federal court disposes of the federal claims, the court has discretion to retain jurisdiction over the state law claims. The court should take into account "generally accepted principles of judicial economy, convenience, and fairness to the litigants." *Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1284 (3d Cir.1993).

■ In this case, the court will exercise supplemental jurisdiction over the plaintiff's state law claims because the defendants' actions form part of the same case or controversy and it would be expected that all of the claims would be tried in one judicial proceeding.

■ With respect to the plaintiff's state law claim for false arrest, in Pennsylvania, a "false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." *McGriff v. Vidovich,* 699

144

A.2d 797, 799 (Pa.Cmwlth.1997)(citing Pennsylvania Suggested Standard Civil Jury Instructions § 13.04). As discussed above, even inserting the plaintiff's claimed omissions and excising the false assertions, the issuance of the arrest warrant in this case would be supported by probable cause. As such, the plaintiff has not established a cause of action for false arrest under Pennsylvania law, and the defendants are entitled to summary judgment on this claim.

■ To the extent that the plaintiff alleges a state law claim of malicious prosecution, in Pennsylvania, a plaintiff alleging a claim of malicious prosecution must show: (1) the defendants initiated a criminal proceeding; (2) without probable cause; (3) with malice; (4) which was subsequently terminated in plaintiff's favor. *Merkle v. Upper Dublin School District,* 211 F.3d 782, 791 (3d Cir.2000); *Hilfirty v. Shipman,* 91 F.3d 573, 579 (3d Cir.1996). As a showing of a lack of probable cause is also a necessary element of the state law claim of malicious prosecution, this claim must also fail.

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) the defendants' motion for summary judgment, **(Doc. No. 33)**, is **GRANTED;**

(2) the trial of this case, previously scheduled for May 27, 2003 is canceled; and,

(3) the Clerk of Court is directed to enter judgment in favor of the defendants; against the plaintiff and close the case.