MOSES POLLARD v. JOSEPH WHEELOCK.

Where a suit, commenced in the county court and there tried, is carried to the supreme court upon exceptions, and the judgment of the county court is reversed, the proceeding in the supreme court is to be considered as a distinct matter, beginning and ending in itself; and the party prevailing in the supreme court is allowed to tax costs, without reference to the final event of the case.

Where a case is heard in the supreme court, but not decided, the party prevailing in that court is entitled to tax an attorney fee for such hearing.

EJECTMENT. Verdict and judgment for defendant. The case, during its pendency, had been carried to the supreme court by the plaintiff, upon exceptions; in which he prevailed, and the judgment of the court was reversed and the cause remanded. And now the plaintiff claimed to have his costs in the supreme court, taxed at $19,77, set off against the defendant's costs of the suit in the county court; and the defendant claimed, that his costs in the supreme court, taxed at $18,00, should be allowed to him, in addition to his costs in the county court. The county court, March Term, 1847, —KELLOGG, J., presiding,—disallowed the plaintiff's costs in the supreme court, and allowed the defendant's costs of that court; to which decision the plaintiff excepted.

The defendant also claimed to be allowed $3,00, for an attorney fee at a term of the supreme court when the cause was heard, but the court did not agree upon a judgment. This item the county court disallowed; to which decision the defendant excepted.

*S. Fullam* and *C. French* for plaintiff.

The costs in the supreme court should have been allowed in favor of the plaintiff. The recovering party is entitled to his costs in the court where he recovers. *Wheelock* v. *Wheelock,* 5 Vt. 433. *Cross* v. *Haskins,* 13 Vt. 536. *Brigham* v. *Brigham,* 15 Vt. 788. *Stewart* v. *Martin,* 16 Vt. 397. *Preston* v. *Whitcomb,* 17 Vt. 183. *Macauley* v. *Sturnburgh,* 3 Cow. 386.

*R. Washburn* for defendant.

The defendant insists, that, as he finally prevailed on the merits in the suit, and as there was no judgment, directly nor indirectly, in favor of the plaintiff in the supreme court, that court only having reversed the judgment of the county court and remanded the cause for another trial, the plaintiff is not entitled to his costs in the supreme court,—*Bell* v. *Potts,* 5 East 49,—but that the defendant is entitled to his costs of that court. And the defendant also insists, that he is entitled to recover an attorney fee, for the term at which the case was heard by the supreme court, but no decision made. Rev. St. 477.

The opinion of the court was delivered by

REDFIELD, J. The practice at one time in this court was, as I understand the English rule to be, that the party, who prevailed in a writ of error, but not in the suit, could not tax cost in his own favor. But it was never the practice to allow the party failing in the court of error to tax cost in *his favor*. But for a great number of years it has been considered, that the true rule was, to consider the proceedings in the supreme court upon exceptions as a distinct matter, beginning and ending in itself, and allow the party *prevailing* in them to tax costs, without reference to the final event of the case. This is certainly equitable. For it is not a just view of the case, to consider that it is altogether the fault of the excepting party, or of the court, that it was necessary to carry up the case upon exceptions;—it may be just as much the fault of the other party, in asking an illegal decision in his favor. But, treating it as the fault of neither party, the defendant, as in the present case, obtains a judgment in his favor against law. Shall he complain, when the other party carries it before the supreme court, and obtains a reversal? And do this upon the ground, that *he* finally prevailed in the case? But he *failed* upon the first ground, and was finally compelled to put his defence upon some other, which if he had chosen to do in the first instance, the expense of the trial in the supreme court would have been saved, as we now see,—there being no exceptions, except in regard to costs in the case, as the defendant finally prevailed.

The rule now adopted in this state, as to this subject, is the same which prevails in New York. If the proceeding in the supreme court had been upon a writ of error, where recognizance was given for costs, could it be said, that, when the plaintiff in error succeeded in reversing the judgment, he was still to pay costs to the defendant in error, because he did not ultimately succeed in the case, and that his bail were responsible for them?

The whole difficulty, in regard to this subject, seems to us to grow out of the mistaken notion, that all the proceedings in the case, in both courts, are to be viewed as the trial of one case in one court, with various successes. But that is not the fact. The trials in the different courts are distinct proceedings; and costs are to be taxed for the party prevailing, when he prevails, in either court, as a dis-

tinct matter. And according to the English practice, this same rule is applied to all trials in the same court. The party prevailing in the suit only takes costs in those parts of the trial in which he prevails; and costs are allowed the other party in those portions of the case in which he prevails, and judgment is rendered for the party finally prevailing only for the balance.

The plaintiff in this case is entitled to have his costs in the supreme court at the former hearing and at this hearing deducted from the defendant's costs in the county court, and the defendant is not to tax costs in this court.

Judgment reversed, and judgment for defendant deducting these sums.

In regard to an attorney fee in a case heard but not decided, the party is entitled to that, or would be, if he had claimed it. This is expressly so decided in *Walker* v. *Sargeant*, 13 Vt. 352.