## Ronald COLEMAN v. UNITED PARCEL SERVICE

[582 A.2d 151]

No. 90-058

September 5, 1990. In this appeal from a decision of the commissioner of labor and industry granting plaintiff disability benefits, defendant United Parcel Service claims that the award must be reversed because it was not made within 60 days of hearing as mandated by 21 V.S.A. § 664 ("Within sixty days [of hearing], the commissioner shall make h[er] award . . . .").

Arguing that the "plain meaning" of § 664 evidences legislative intent that workers' compensation awards be "quick," *Kittell v. Vermont Weather-board, Inc.*, 138 Vt. 439, 441, 417 A.2d 926, 927 (1980), defendant maintains that the matter should be removed from the commissioner's jurisdiction and litigated in court when she is not as "quick" as the statute requires. Such a construction of § 664 would serve only to defeat expeditious awards and is unsupported by any precedent we can find. We note also there is no enabling legislation that would permit a workers' compensation claim to be tried should we hold that the commissioner lost jurisdiction on the sixtieth day. Defendant refers to 21 V.S.A. §§ 670 and 671 as providing authority, but a trial in superior court is available only "after copies of an award have been sent."

A statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provision. Moreover, compliance with the time limit is never considered essential to the validity of the proceeding, unless such is the expressed or evident intention of the Legislature. *In re Mullestein*, 148 Vt. 170, 173–74, 531 A.2d 890, 892–93 (1987). Where the Legislature has intended a time limit to be mandatory, it has clearly expressed that intent. See 24 V.S.A. § 4470(a) (failure to render decision by zoning board of adjustment within 45 days of hearing deemed a decision favorable to appellant); 24 V.S.A. § 4407(2) (failure to act to approve or disapprove conditional uses within 60 days is deemed approval). We hold, therefore, that exceeding the time limit of 21 V.S.A. § 664 does not deprive the commissioner of jurisdiction. Our holding does not, as defendant suggests, render the sixty-day time frame nugatory. The provision expresses legislative policy and may serve to bring about priority of service in light of competing demands.

Defendant also claims the commissioner erred by improperly assigning

it the burden of proof to demonstrate that plaintiff did not make a bona fide work search. What defendant is really arguing is that the evidence does not support a finding that plaintiff "did not unreasonably fail to seek light duty work." Nowhere in the record does it appear the burden of proof was improperly allocated.

The facts may be simply stated. Plaintiff injured his knee during his employment with UPS. Plaintiff had always worked at jobs demanding physical activity (lifting packages for UPS and a farm laborer). Expert testimony demonstrated that plaintiff's injury made his UPS work inappropriate, at least until he sufficiently recovered or was given less strenuous work. UPS did not, contrary to its own personnel policy, offer plaintiff lighter work and, after a certain point, did not offer any work at all to plaintiff. Plaintiff had worked for defendant on two occasions despite discomfort and contrary to expert advise. Moreover, UPS delayed plaintiff's recovery by initially refusing to pay for recommended physical therapy. Defendant points to plaintiff's application to work as a delivery driver for three other employers during the year he was out of work as insufficient evidence as a matter of law to support a bona fide work search. We disagree. Given plaintiff's limited skills to work in nonphysical jobs, and UPS's refusal to acknowledge that plaintiff was capable of doing lighter work for it, the findings are not clearly erroneous. See *Gee v. City of Burlington*, 120 Vt. 472, 476, 144 A.2d 797, 800 (1958) (evidence supported finding of limited job market especially when employer offered no evidence on point).

Plaintiff has submitted a statement for attorney's fees and expenses for defending this appeal pursuant to 21 V.S.A. § 678(b), which allows a claimant, prevailing on appeal, "reasonable attorney's fees as approved by the court." Plaintiff's statement is approved, and he is awarded $3,915.35 in attorney's fees and expenses. Defendant has argued that plaintiff is not entitled to these fees because he has already been paid the maximum allowed by the commissioner as set by department regulation. The statute, however, plainly places responsibility for allowing attorney's fees for an appeal on the court. Cf. *Fleury v. Kessel/ Duff Constr. Co.*, 149 Vt. 360, 364, 543 A.2d 703, 705 (1988).

*Affirmed. Plaintiff's attorney's fees and expenses of $3,915.35 are assessed against defendant to be paid to plaintiff within 30 days of the filing hereof.*