## Leslie Jackson v. True Temper Corporation

[590 A.2d 891]

No. 89-515

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed March 29, 1991

*Christopher P. Sullivan,* Rutland, for Plaintiff-Appellee.

*Keith J. Kasper* of *McNamara, Fitzpatrick & McCormick*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant employer appeals from a superior court judgment awarding plaintiff attorney's fees and costs in the amount of $24,323.30. We affirm in part, reverse in part, and remand the matter to the Commissioner of Labor and Industry.

Plaintiff sought a workers' compensation award from the Commissioner of Labor and Industry for an injury that occurred while he was employed by defendant. Defendant contested compensability and prevailed in proceedings before the Commissioner. Plaintiff appealed to the superior court, where a jury rendered a verdict in his favor on the question certified to the court under 21 V.S.A. § 671. Defendant appealed to this Court, and we affirmed that verdict. *Jackson v. True Temper Corp.*, 151 Vt. 592, 563 A.2d 621 (1989). Thereafter, plaintiff petitioned the superior court for payment of costs and attorney's fees under 21 V.S.A. § 678(b),[1] claiming an hourly rate of $75 per hour for 283.25 hours of service, which included time spent preparing and presenting his claim to the Commissioner and to the courts.

Defendant filed no response to the petition, and its only opposition was its assertion at a superior court hearing on the fee petition that Rule 10 of the Department of Labor and Industry[2]

---

[1] 21 V.S.A. § 678(b) states:
> In appeals to the superior or supreme courts, the claimant, if he prevails, shall be entitled to reasonable attorney's fees as approved by the court, and interest at the rate of 12 percent per annum on that portion of any award the payment of which is contested. Interest shall be computed from the date of the award of the commissioner.

[2] Rule 10 states:
> (a) Liens against compensation for attorney's fees under 21 V.S.A. § 682 will be approved, and may be deducted and advanced against the end of compensation due, when an agreement for attorney's fees is filed with the Commissioner within 30 days of the date of agreement, and the agreement substantially conforms to the following:
> (1) a charge of not more than $35.00 per hour, supported by an itemized statement, or
> (2) a contingency fee to cover all legal services not to exceed 20% of the compensation awarded, or $3,000., whichever is less.
> (b) Awards of attorney's fees against a party in a contested case under 21

allows only $35 per hour. Defendant did not contest either the reasonableness of the hourly rate or the number of hours of service claimed.

The court granted plaintiff's request for attorney's fees at the hourly rate of $75. The court stated:

> Customarily, the judiciary accords considerable deference to the regulations adopted by an administrative agency under statute which that agency is charged to implement. However, an agency may not adopt a regulation which is unreasonable and which defeats the intention of the legislature. The clear legislative intent behind 21 V.S.A. 678(b) is to provide reasonable compensation to attorneys for claimants in such cases and to thereby assure the availability of legal services for such claimants. Rule 10 provides for attorneys' fees which are far from reasonable in today's world and would defeat the purpose of ensuring legal services for claimants.

(Citations omitted.) The present appeal followed.

Defendant argues that the trial court intruded on the Commissioner's prerogative by awarding attorney's fees at a rate higher than those allowed by duly adopted regulations. It contends that the trial court's rationale boiled down to an assertion that the hourly rate set by the Commissioner was "far from reasonable in today's world," and that no evidence supported that assertion.

■ Defendant's argument fails entirely for hours spent on appeals to the superior court and to this Court. Clearly 21 V.S.A. § 678(b), rather than § 678(a) or the rules adopted thereunder, applies to fee awards for judicial appeals and gives the courts authority to set reasonable hourly rates. Nothing in § 678(b) suggests that the court should be limited to the maximum rate set by the Commissioner for matters before her.

---

V.S.A. § 678 shall not exceed the amounts permitted by lien under part (a) of this Rule. Evidence establishing the amount or reasonableness of the attorney's fees claimed shall be offered no later than that date upon which the final documents in the case are filed with the Department. Failure to comply with this section may result in denial of an award of attorney's fees.

Likewise, nothing in Rule 10 establishes fees for court appeals; rather, it refers only to proceedings before the Commissioner.

■ Defendant correctly states that plaintiff did not present evidence supporting the $75 hourly rate. Because defendant only argued that Rule 10 governed the fee award both in proceedings before the Commissioner and in court appeals, plaintiff and the court could reasonably have inferred that defendant did not question the reasonableness of that rate. Matters not raised at trial may not be presented for the first time on appeal. *Garrow v. Garrow*, 150 Vt. 426, 431, 553 A.2d 569, 572 (1988). Consequently, the trial court's ruling that $75-per-hour was a reasonable rate for attorney time spent on appeals to the superior court and to this Court is affirmed.

■ But that part of the fee award covering services in proceedings before the Commissioner stands on a different footing. Although defendant erred in believing that Rule 10 should have applied to *both* administrative and judicial proceedings, Rule 10 is at least a starting point for a determination of the appropriate hourly rate for attorney time spent on the proceedings before the Commissioner. Hence, that ground was adequately presented and preserved for this appeal.

The superior court had no knowledge of the nature and extent of representation before the Commissioner, however. Attorney's fees for work at the administrative level should be determined, in the first instance, by the Commissioner. Accordingly, this matter is remanded to the Commissioner for consideration of that portion of the award and for the issuance of a new order. 21 V.S.A. § 672.

*Affirmed as to the fee award for attorney's time on judicial appeals. Reversed and remanded to the Commissioner of Labor and Industry for further proceedings in accordance with this opinion as to the balance of the fee award and the entry of an appropriate order.*

**Morse, J.,** dissenting. I respectfully dissent. Defendant employer "put all its eggs in one basket" in the superior court by maintaining that $35 per hour for attorneys' fees, reasonable or

not, were all that were allowed at any stage of the proceedings. No differentiation was made as to what fees were reasonable in court or reasonable in proceedings before the Commissioner. In short, defendant took a one-or-the-other approach ($35 or $75) for all work at all stages and stipulated that the superior court would award all attorneys fees and expenses. It became the law of the case.

This Court now remands for a hearing before the Commissioner on whether $35 per hour is reasonable for work done before her, an approach not raised in superior court or here. What more was required of the trial court, given the parties' position, is a mystery.

This Court is indulging here in "practice-makes-perfect" jurisprudence. See also *B.B. & J. v. Bedell*, 156 Vt. 203, 208, 591 A.2d 50, 53 (1991) (Morse, J., dissenting). Instead of allowing the parties to fashion the issues as they see fit, we second-guess their strategy and give the losing party another chance. I can think of no reason justifying this wasteful and expensive procedure.

I would affirm.