2011 VT 93

## Joanna McNALLY v. DEPARTMENT OF PATH

[31 A.3d 333]

No. 09-450

¶ 1. August 11, 2011. Claimant Joanna. McNally seeks costs and attorney's fees that she incurred in her appeal to this Court, which resulted in our remanding the matter for the Commissioner of Labor to make necessary findings and conclusions and to apply the appropriate law. *McNally v. Dep't of PATH*, 2010 VT 99, 189 Vt. 515, 13 A.3d 656 (mem.). Upon consideration of the parties' arguments, we grant claimant's request for an award of $1079 in costs and $13,599 in attorney's fees.

¶ 2. Before examining claimant's request, we review the history of this case. In 2007 and 2008, claimant experienced pain in her hands, apparently related to her job, which involved typing at a com-

puter all day. In February 2008, claimant's hands became swollen and painful after shoveling snow off of her roof. She went to the doctor and was diagnosed with bilateral enthesopathy. After six months of treatment and reduced work, claimant returned to work full-time. She sought workers' compensation benefits to compensate her for her medical treatment and disability following the snow-shoveling incident. The Commissioner concluded that although claimant most likely had a chronic underlying condition before the snow-shoveling incident, she first sought treatment based on a nonwork-related event and thus was not eligible for benefits. On appeal, claimant argued that the Commissioner erred by failing to rule on whether her underlying hand injury was work-related and a contributing cause to her injury, and whether the snow-shoveling incident was a normal activity of daily living that could not be considered an intervening cause of the injury.

¶ 3. On appeal, we concluded that the Commissioner failed to make the necessary findings and conclusions to support her decision and erred in her application of the law by not addressing the critical question at issue. *McNally*, 2010 VT 99, ¶¶ 8-10. Accordingly, we reversed the Commissioner's order and remanded the matter for the Commissioner to determine "whether claimant's hand pain arose out of and in the course of her employment, how it was or was not causally related to her snow shoveling, and, if related, whether the shoveling was a normal activity of daily living." *Id.* ¶ 10.

¶ 4. Relying on her status as the prevailing party in this appeal, claimant now seeks costs and attorney's fees incurred in the appeal. The general rule regarding costs on appeal is found in § 2131 of Title 12, which provides: "In all causes of a civil nature disposed of in the supreme court, the prevailing party shall be entitled to costs, unless in its discretion, the court

---

shall apportion costs as equity may require." Similarly, Rule 39(a) of the Vermont Rules of Appellate Procedure provides that costs on appeal shall be taxed against the appellee if a judgment is reversed "with directions for entry of judgment for the appellant" or "with directions for a new trial." Section 678(a) of Title 21 also allows for costs to be awarded to the prevailing party specifically in workers' compensation cases, but that section addresses costs in proceedings before the Commissioner, as opposed to proceedings on appeal to the superior court or the Supreme Court, which are governed by § 678(b) of Title 21. See *Fleury v. Kessel/Duff Constr. Co.*, 149 Vt. 360, 364, 543 A.2d 703, 705-06 (1988) (noting that § 678 has two subsections, subsection (a) governing assessment of costs and attorney's fees before Commissioner and subsection (b) governing allowance of attorney's fees in superior and supreme courts).

¶ 5. Employer argues that because § 678(a) provides that costs "shall not be taxed or allowed either party except as provided in this section" and because § 678(b) is silent on costs, we should assume that litigants are not entitled to reimbursement for costs incurred on appeal in workers' compensation cases. We reject this reasoning. The language in § 678(a) quoted above refers only to proceedings before the Commissioner, and not to proceedings on appeal in the superior court or this Court. Moreover, although § 678(b) does not address costs, neither does it preclude them, and nothing in Rule 39(a) limits the assessment of costs incurred on appeal in workers' compensation cases. Cf. *Perez v. Travelers Ins.*, 2006 VT 123, ¶ 18, 181 Vt. 45, 915 A.2d 750 (holding that, given § 678(b)'s silence as to costs, claimant cannot obtain costs on appeal in superior court beyond those allowed by Rule 54(d) of Vermont Rules of Civil Procedure, which governs the award of costs in superior court proceedings). Rule 39 implements for proceedings before the Supreme Court the basic principle set forth in § 2131 of Title 12 that prevailing parties are generally entitled to costs in civil causes. Reporter's Notes, V.R.A.P. 39; see also 16AA C. Wright et al., Federal Practice & Procedure: Jurisdiction § 3985, at 566 (4th ed. 2008) ("The general principle established by Rule 39(a) is that the prevailing party on the appeal is entitled to costs as a matter of course unless the law provides or the court orders otherwise." (footnotes omitted)). Nothing in § 678 negates that rule here.

¶ 6. Employer argues, however, that even if costs incurred on appeal are not precluded by § 678, Rule 39(a) applies only when a judgment is either reversed outright or reversed with directions for entry of judgment or for a new trial — and neither situation occurred here. Again, we disagree. We find meaningless the distinction employer seeks to make between reversed and remanded with directions for a new trial and, as in this case, reversed and remanded with directions to make necessary findings and conclusions and to address the salient legal issue. On remand, the Commissioner must sift through the facts and apply those facts to a different legal standard from the one she applied below. Whether the matter was remanded for a new hearing or a new judgment based on new findings and conclusions, the outcome from the appeal is the same. See Reporter's Notes — 1981 Amendment, V.R.A.P. 39 ("If the Supreme Court reverses the lower court but orders further proceedings, the party prevailing in the Supreme Court is awarded costs on the appeal . . . ."). Rule 39(a) allows costs for claimant in this instance, where the matter was reversed with directions for further proceedings before the Commissioner.

¶ 7. As for claimant's specific enumeration of costs in this case, employer has not

disputed the amount or nature of the costs claimed, which include the filing fee, the transcript, and copies of the briefs and printed case. Accordingly, we award claimant her costs incurred on appeal in the amount of $1079.

¶ 8. We now turn to claimant's request for attorney's fees. Section 678(b) provides as follows: "In appeals to the superior or supreme courts, if the claimant prevails, he or she shall be entitled to reasonable attorney fees as approved by the court . . . ." In support of its argument that claimant is not entitled to any attorney's fees, employer cites various courts holding that attorney's fees are warranted only when a party "prevails" on the merits of the case or at least achieves some success on a significant legal issue in the case. See *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001) (holding that fee-shifting provisions of Fair Housing Amendments Act and of Americans with Disabilities Act require party to secure either judgment on merits or court-ordered consent decree to qualify as "prevailing party"); *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (holding that "prevailing party" for purposes of Civil Rights Attorney's Fees Awards Act is one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" (quotations omitted)); *In re Green*, 751 N.E.2d 913, 916 (Mass. App. Ct. 2001) (citing test used in federal civil rights statute as standard for determining "prevailing party" with respect to statute requiring insurers in workers' compensation cases to pay attorney's fees to employees who prevail in hearings in which insurers contest claim for benefits); cf. *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1048-49 (Ariz. 1985) (holding that "successful party" entitled to attorney's fees in contractual action may include one "who achieve[s] reversal of an unfavorable in-

terim order if that order is central to the case and if the appeal process finally determines an issue of law sufficiently significant that the appeal may be considered as a separate unit"), *superseded by statute in other respects by* Ariz. Rev. Stat. Ann. § 23-1501 (1996).

¶ 9. These cases, however, like the cases relied upon by the dissent, are distinct from the case before us because they do not concern workers' compensation appeals and, more importantly, do not involve statutes pertaining to attorney's fees exclusively for proceedings on appeal. The dissent considers these to be "distinction[s] without a difference," *post*, ¶ 31, but our role is to construe the particular workers' compensation statute at issue here, and thus what other jurisdictions hold in unrelated areas of the law based on completely different statutes carries little weight. As noted, § 678(a) concerns only proceedings before the Commissioner and specifically gives the Commissioner the discretion to grant reasonable attorney's fees to claimants prevailing in those proceedings. On the other hand, § 678(b) concerns only proceedings on appeal to either the superior court or the Supreme Court. Under § 678(b), a party who "prevails" in "appeals to the superior or supreme courts" is entitled to reasonable attorney's fees. Our workers' compensation statute does not define the word "prevails," but § 678(b) plainly concerns the imposition of attorney's fees only in the limited context of proceedings on appeal to the superior court or Supreme Court. See *Hodgeman v. Jard Co.*, 157 Vt. 461, 464, 599 A.2d 1371, 1373 (1991) (noting that "§ 678(a) . . . differs from § 678(b) only in that it applies to an earlier stage of workers' compensation cases"); *Jackson v. True Temper Corp.*, 156 Vt. 247, 249, 590 A.2d 891, 893 (1991) ("Clearly 21 V.S.A. § 678(b), rather than § 678(a) or the rules adopted thereunder, applies to fee awards for judicial appeals and gives the courts authority to set reasonable hourly rates.").

¶ 10. Accordingly, we must construe the word "prevails" in the limited context of the appellate proceedings rather than the case as a whole. Cf. *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963-64 (11th Cir. 2008) (per curiam) (holding that statute allowing attorney's fees "in the event of an appeal in which the insured or beneficiary prevails" did "not require an insured party to succeed on the merits of a case in order to recover attorney's fees"). As we stated long ago in *Pollard v. Wheelock*, in referring to costs: "The trials in the different courts are distinct proceedings; and costs are to be taxed for the party prevailing, when he prevails, in either court, as a distinct matter." 20 Vt. 370, 372-73 (1848). In that case we determined that it "is certainly equitable" to consider proceedings on appeal to the Supreme Court as a distinct matter and to "allow the party *prevailing* in them to tax costs, without reference to the final event of the case." *Id.* at 372. The same reasoning applies to attorney's fees when a statute awards such fees to the prevailing party specifically for proceedings on appeal.

¶ 11. As the United States Supreme Court noted in *Buckhannon Board & Care Home*, a "prevailing party" is generally defined as a " 'party in whose favor a judgment is rendered, regardless of the amount of damages awarded.' " 532 U.S. at 603 (quoting Black's Law Dictionary 1145 (7th ed. 1999)). In this case, claimant was plainly the prevailing party in the appeal. As noted, our mandate reversed the Commissioner's judgment and remanded the matter for the Commissioner to make necessary findings and apply the appropriate law, neither of which the Commissioner had done in the administrative proceedings from which claimant appealed. Although we do not know if claimant will ultimately prevail on her claim for benefits, her appeal was necessary to keep her claim alive and compel the Commissioner to consider the salient facts and apply the correct legal standard. Given these circumstances, claimant prevailed in the distinct proceeding before this Court and thus is entitled to reasonable attorney's fees under § 678(b).

¶ 12. In support of its position that a claimant may obtain attorney's fees only following a final judgment on the merits of its workers' compensation claim, the dissent relies on the language of § 678(b) and *Sargent v. Town of Randolph Fire Department*, 2007 VT 56, 182 Vt. 546, 928 A.2d 525 (mem.). But the fact that claimants who prevail in appellate proceedings are entitled to — in addition to reasonable attorney's fees — interest on "any" contested award does not demonstrate that attorney's fees cannot be awarded absent a final judgment on the underlying claim. 21 V.S.A. § 678(b). As for *Sargent*, that case unsurprisingly holds that a claimant prevailing on appeal may also be reimbursed for attorney's fees incurred at the underlying administrative proceeding in which the Commissioner rejected the claim. 2007 VT 56, ¶ 15. *Sargent* did not arrive at this holding by concluding that the administrative and appellate proceedings in workers' compensation cases are one and the same for purposes of § 678, but rather by relying upon 21 V.S.A. § 671, which provides that a decision resulting from an appeal to the superior court or Supreme Court "supersedes" the Commissioner's underlying order. 2007 VT 56, ¶ 15. Indeed, *Sargent* acknowledged the distinction that § 678 makes between the award of attorney's fees in administrative as opposed to appellate proceedings by noting that such fees are discretionary before the Commissioner under § 678(a). *Id.*

¶ 13. Awarding attorney's fees to parties who prevail in appellate proceedings without obtaining a final judgment on the merits does not "simply penalize[] employers" who lose appeals because of "a procedural or substantive gaffe by the Commissioner," as the dissent posits.

*Post,* ¶ 20. Our sole purpose is to construe § 678 to carry out the legislative intent. The plain language of the statute indicates that the Legislature intended to allow the award of attorney's fees to claimants who prevail in appellate proceedings, even in the absence of a final judgment on the underlying claim. We cannot be sure why the Legislature intended such a result, but presumably it was to compensate claimants who incur expenses on appeal because of the Commissioner's errors at the administrative level — not to penalize employers.

¶ 14. Our remaining task, then, is to determine which body has the responsibility to award attorney's fees incurred by the prevailing party on appeal. In 1996, this Court added subsection (f) of Rule 39, which states the general rule that a claim for "attorney's fees and other nontaxable expenses arising on appeal shall be made by motion in the trial court," where it "may be joined with a motion for fees or expenses in the trial court." This rule change is not particular to requests for attorney's fees in workers' compensation appeals, however, and both the workers' compensation statute and our case law strongly suggest that the courts are to award any attorney's fees to prevailing parties in such appeals.

¶ 15. Parties prevailing in appeals to the superior court or this Court are entitled to reasonable attorney's fees "as approved by the court." 21 V.S.A. § 678(b). In *Coleman v. United Parcel Service,* we stated that § 678(b) "plainly places responsibility for allowing attorney's fees for an appeal on the court." 155 Vt. 646, 647, 582 A.2d 151, 153 (1990) (mem.). In *Jackson,* the employer appealed the superior court's award of attorney's fees to the claimant in a workers' compensation case, arguing that the award was improperly based on an hourly rate that exceeded the $35 hourly rate set by department rule. We upheld that portion of the award representing fees incurred in the appeal

to the superior court, holding that "[n]othing in § 678(b) suggests that the court should be limited to the maximum rate set by the Commissioner for matters before her." 156 Vt. at 249, 590 A.2d at 893. With respect to that portion of the award representing fees incurred in proceedings before the Commissioner, however, we remanded the matter to the Commissioner for consideration, holding that "[t]he superior court had no knowledge of the nature and extent of representation before the Commissioner" and that "[a]ttorney's fees for work at the administrative level should be determined, in the first instance, by the Commissioner." *Id.* at 250, 590 A.2d at 893. Similarly, in *Sargent,* we stated, without specifically addressing the issue in the context of a claim of error, that § 678(b) allows the superior court or this Court to award attorney's fees to successful claimants in cases before it, but does not authorize either court on appeal to determine a request for attorney's fees for services rendered at administrative proceedings before the Commissioner. 2007 VT 56, ¶ 12. As these cases demonstrate, determining an award of attorney's fees should be the role of the tribunal in which they were incurred.

¶ 16. Rule 39(f)'s requirement that a request for attorney's fees arising on appeal be considered, in the first instance, by the trial court is not applicable in the special case of workers' compensation appeals, given that those appeals go to either the superior court or this Court and that the Legislature has conferred upon both courts the responsibility to consider requests for attorney's fees generated on appeal in those forums. Hence, we find no basis for remanding the matter of appellate attorney's fees to the Commissioner, who in fact has neither specific knowledge nor special expertise concerning such fees. Indeed, the courts are better positioned than the Commissioner to address requests for attorney's fees incurred in proceedings before them.

¶ 17. Because of our limited fact-finding function, we reserve the right in appeals to this Court to retain a master, if necessary, to review factual disputes over attorney's fees. See *Fleury*, 149 Vt. at 360, 543 A.2d at 703 (noting that claimant sought attorney's fees under § 678(b) and that the "matter was referred to a master"). We assume, however, that in most instances a master will not be necessary. In this case, employer has not contested the reasonableness of attorney's fees claimed for this appeal. Accordingly, attorney's fees will be awarded in the amount set forth by claimant.

*Claimant's request for costs and attorney's fees is granted. Costs are awarded in the amount of $1079. Attorney's fees are awarded in the amount of $13,599.*

¶ 18. **Burgess, J.,** dissenting. Certainly, claimant "prevailed" on appeal insofar as her claim was remanded to the Commissioner for want of findings and conclusions necessary to support the decision to deny her benefits. Just as certainly, however, claimant has not prevailed on the merits of her claim for compensation. Reading 21 V.S.A. § 678(a) and (b) as one legislative scheme governing the award of attorney's fees, the plain meaning is that attorney's fees are allowed, along with interest on disputed compensation, when "claimants prevail" on their compensation claims, rather than on piecemeal intermediate appellate claims like this one that result in no award. Moreover, any award of attorney's fees in connection with an appeal must be approved by the court, 21 V.S.A. § 678(b), and, as a matter of policy, our approval should be conditioned upon claimant ultimately prevailing on her benefits claim, lest we subsidize lawyers for scoring legal points producing no compensation for claimants. Accordingly, while agreeing that the fees as presented are reasonable, I would deny their actual award as premature at this time and so respectfully dissent.

¶ 19. As recounted above, the Commissioner denied claimant's request for workers' compensation benefits in November 2009. Claimant appealed directly to this Court, and we held that the Commissioner failed to make findings and conclusions necessary to support the denial. *McNally v. Dep't of PATH*, 2010 VT 99, ¶ 10, 189 Vt. 515, 13 A.3d 656 (mem.). We did not conclude that claimant was entitled to benefits. Instead, we reversed and remanded "for a clarification of both the findings and conclusions of law, specifically, whether claimant's hand pain arose out of and in the course of her employment, how it was or was not causally related to her snow shoveling, and, if related, whether the shoveling was a normal activity of daily living." *Id.* The remand expressed no opinion on the ultimate merits of the claim.[1] *Id.* ¶ 10 n.2.

¶ 20. Notwithstanding that there is no decision as to whether claimant is entitled to workers' compensation, the majority labels claimant as the prevailing party for purposes of 21 V.S.A. § 678(b). It is a mistake to do so. The statute need not be so applied to vindicate and protect an employee's financial stake in appeal and final award if she should win her case, since all attorney's fees may be recovered when she wins. On the other hand, treating fees as immediately mandated against an employer losing an intermediate, rather than final, appeal simply penalizes employers who defend unsuccessfully against such appeals when, despite a procedural or substantive gaffe by the Commissioner, the employee is still not entitled to recover.

---

[1] Further illustrating the unsettled nature of these proceedings, we noted that the last claim of error on appeal — that the Commissioner failed to consistently apply the Department's own internally developed case law — was unpersuasive as it rested on unresolved assumptions. *Id.* ¶ 11.

¶ 21. The Workers' Compensation Act seeks to protect claimant recoveries arrived at through litigation by authorizing the award of attorney's fees against employers. Section 678 begins by mandating an assessment of costs against the employer *"when the claimant prevails,"* and authorizing the Commissioner to "allow the claimant to recover reasonable attorney fees *when the claimant prevails"* in obtaining an award of benefits at the initial administrative hearing. 21 V.S.A. § 678(a) (emphases added). Commissioner decisions are appealable to the superior or to the Supreme Court. *Id.* §§ 670, 672. In the same vein, § 678(b) next provides that:

> In appeals to the superior or supreme courts, if *the claimant prevails,* he or she shall be entitled to reasonable attorney fees as approved by the court, *and* interest at the rate of 12 percent per annum *on that portion of any award the payment of which is contested.*

(Emphases added.) Explicitly, and implicitly when properly considered in pari materia with the entirety of § 678(a), subsection (b) contemplates attorney's fees for claimants "prevailing" on an appeal that results in an actual "award" of compensation upon which interest can be assessed. Authorized conjunctively by § 678(b), or "hand in glove" so to speak, with post-judgment interest on disputed compensation awards, attorney's fees should not be ordered separately and independently from such an award.

¶ 22. No such award was achieved here, yet. Absent such an award, no attorney's fees are due claimant, yet. Claimant's fees need be denied pending completion of her case, and until "claimant prevails" as required by § 678(b).[2]

¶ 23. Nor does any harm accrue to claimant in waiting for a final decision on the merits. Should claimant ultimately prevail, she will be entitled to recover attorney's fees for this appeal. Should claimant lose, no attorney's fees are warranted. This approach ensures a consistent application of § 678 and satisfaction of the manifest legislative intent — with the logical result that there can be only one "prevailing party" in a contested workers' compensation case.

¶ 24. Other courts recognize that an intermediate appellate victory, as presented here, may be transitory only, and is not deserving of a statutory award of attorney's fees without victory on the merits. In *Henderson v. Jantzen, Inc.,* for example, the plaintiff successfully appealed from a grant of summary judgment and, on remand, sought attorney's fees under Oregon law permitting "the prevailing party costs and reasonable attorney fees at trial and on appeal." 737 P.2d 1244, 1245 (Or. 1987) (quotation omitted). The Oregon statute provided

---

[2] The majority posits that proceedings before the Commissioner and this Court must be considered as separate and distinct. Maintaining such a separation would mean, then, a claimant who lost before the Commissioner but won on appeal could recoup attorney's fees before this Court, but not for the underlying administrative hearing before the Commissioner. Such a result, of course, does not obtain because our case law expressly holds otherwise. In *Sargent v. Town of Randolph Fire Department,* we recognized that the proceedings are not distinct, and "the statutory scheme, as shown in [21 V.S.A.] § 671, requires the Commissioner to treat the claimant's success at trial or on appeal as success before the Commissioner." 2007 VT 56, ¶ 15, 182 Vt. 546, 928 A.2d 525 (mem.).

that the term "prevailing party" on appeal "may include, at the discretion of the appellate court, any party who obtains a substantial modification of the judgment, decree or other decision of the trial court." *Id.* at 1245-46 (quotation omitted). The Oregon Court of Appeals concluded that the plaintiff was a prevailing party within the meaning of the statute. *Id.* at 1246.

¶ 25. The Oregon Supreme Court reversed, finding the lower court's interpretation of the statute too literal. "While there can be no gainsaying the fact that plaintiff's success here is a 'substantial modification,' " the court observed, the award was inappropriate given the plaintiff's "intermediate and, possibly, temporary success." *Id.* The court found the Oregon statute aimed primarily at "a situation in which the appellate disposition effectively brings the proceedings to an end." *Id.* As it explained:

> A party who "prevails" temporarily ultimately may lose the case on the merits. Such temporary gains do not warrant the award of attorney fees. Any other rule creates the spectre of cases in which, because of successive appeals, all or several contending parties ultimately end up owing attorney fees to each other. The proper exercise of discretion . . . will avoid such anomalous circumstances.

*Id.* at 1246-47.

¶ 26. This approach is consistent with the United States Supreme Court's reasoning that "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). In *Hewitt*, the plaintiff filed a civil rights action against prison officials. At one point in the litigation, the plaintiff secured a favorable decision by the circuit

court of appeals, but summary judgment was ultimately granted to the defendants on qualified immunity grounds. The plaintiff subsequently sought attorney's fees under 42 U.S.C. § 1988, which provides, in relevant part, that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *Id.* at 759 (quotation omitted). The trial court denied the plaintiff's request, but the court of appeals reversed, finding the plaintiff's victory before the circuit court constituted a form of judicial relief to make the plaintiff a prevailing party under the statute. *Id.*

¶ 27. The Supreme Court reversed, explaining "[t]he most that [the plaintiff] obtained was an interlocutory ruling that his complaint should not have been dismissed for failure to state a constitutional claim. That is not the stuff of which legal victories are made." *Id.* at 760. Reaching its conclusion, the Court emphasized the temporary nature of such a ruling, noting that the ruling left it for the trial court "to determine the appropriateness and availability of the requested relief." *Id.* (quotation omitted). This is little more than a recognition of the obvious: pyrrhic victories do not merit recovery of attorney's fees because the "real value of the judicial pronouncement — what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion — is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*" *Id.* at 761. As in the instant case, the ruling in favor of the plaintiff's intermediate appeal affected no behavior of the defendant towards him, and "a judicial statement that does not affect the relationship between the plaintiff and the defendant" does not suffice to "prevail." *Id.*; see also *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001) (applying this standard).

¶ 28. *Hewitt* echoed a similar conclusion arrived at earlier in *Hanrahan v.*

*Hampton,* 446 U.S. 754 (1980) (per curiam). The plaintiffs there filed a civil rights suit, and the trial court directed a verdict for the defendants. *Id.* at 754. The court of appeals reversed and remanded for a new trial, also awarding the plaintiffs their costs and attorney's fees on appeal under 42 U.S.C. § 1988. The Supreme Court reversed the award, finding that the plaintiffs were not "prevailing parties" in the sense intended by the statute. *Id.* at 758. The Court explained that while Congress contemplated the award of fees pendent lite in some cases, it clearly intended "to permit such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Id.* at 757. "For only in that event has there been a determination of the 'substantial rights of the parties,'" the Court continued, "which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney." *Id.* at 758. Having achieved only a new trial, the Court concluded that the plaintiffs had not prevailed on the merits of any of their claims. *Id.* As the Court stated:

> The jury may or may not decide some or all of the issues in favor of the [plaintiffs]. If the jury should not do so on remand in these cases, it could not seriously be contended that the [plaintiffs] had prevailed. . . . As is true of other procedural or evidentiary rulings, these determinations may affect the disposition on the merits, but were themselves not matters on which a party could "prevail" for purposes of shifting his counsel fees to the opposing party under § 1988.

*Id.* at 759.

¶ 29. We should reach a similar conclusion here. As in *Hanrahan,* claimant succeeded only in obtaining a remand for clarification of the Commissioner's decision. She did not prevail on the ultimate question of whether she is entitled to workers' compensation benefits. The term "prevails" in § 678(b) should be recognized as the legal term of art it plainly represents. See *Buckhannon,* 532 U.S. at 615 (Scalia, J., concurring) (stating that when the term " 'prevailing party' is used by courts or legislatures in the context of a lawsuit, it is a term of art"). As Justice Scalia observed, the term "has traditionally — and . . . *invariably* — meant the party that wins the suit or obtains a finding (or an admission) of liability." *Id.* To be entitled to an award of attorney's fees, a party must do more than simply obtain a favorable interlocutory ruling. Even though in one sense such a claimant can be said to have "prevailed," he or she is not yet "the prevailing party in the lawsuit." *Id.* (recognizing that "[w]ords that have acquired a specialized meaning in the legal context must be accorded their *legal* meaning").

¶ 30. Here, the legal meaning of "prevailing" flows not only from logic and tradition as outlined by Justice Scalia, but also from the plain language of the statute. The express context of the prevailing party being "entitled to reasonable attorney fees" on appeal is coupled with being entitled to "interest . . . on that portion of any *award* the payment of which is contested." 21 V.S.A. § 678(b) (emphasis added). Thus the statute contemplates, unambiguously, employers paying claimants' legal fees at the end of the contest, when the claimant wins a disputed award and the employer loses. Entitled after appeal to neither interest nor any award in this appeal, it follows that claimant is presently entitled to no attorney's fees under § 678. The majority's construction of the statute — to reimburse a claimant for what amounts to a successful instant replay appeal of a referee's call, even when the claimant fails to prevail at

game's end — is not what the statute intends or what fairness requires.

¶ 31. In support of reading the statute to allow legal fees to parties who lose their cases, the majority seeks to distinguish the several contrary holdings by other courts, reasoning that "they . . . do not involve statutes pertaining to attorney's fees exclusively for proceedings on appeal." *Ante*, ¶ 9. This is a distinction without a difference. All of the cases discussed above involved litigants attempting to recover attorney's fees for intermediate appeals like this one. The right to recover such fees is implicit, and in some cases explicit, in the statutory provisions at issue. That Vermont's Legislature similarly recognized that a prevailing party can recover attorney's fees on appeal does not compel the majority's conclusion that fees therefore should be awarded to parties who do not ultimately prevail on the merits.

¶ 32. The majority's reliance on *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.* is similarly misplaced. 270 F. App'x 962 (11th Cir. 2008) (per curiam). In *Prime*, an insurance company's underlying action for declaratory judgment against its insured was dismissed by the trial court for lack of jurisdiction, and no appeal was taken from this decision. *Id.* at 963. The defendant-insured then applied for, and was granted, attorney's fees under a statute allowing an award of attorney's fees to the "prevailing party" in certain disputes between an insurer and its insured. *Id.* Because the statute required only "rendition of a judgment . . . against an insurer and in favor of [an] insured," *id.*, the appeals court rejected the argument that, as a precondition to fees, a party must prevail on the merits. *Id.* at 964. Unlike § 678(b), however, the statutory basis for the fee award in *Prime* was unconnected to any contemporaneous award of disputed compensation. Likewise, the fee award in *Prime* was deemed due following a case-winning final judgment,

unlike the remand in the instant case returning the parties to the Commissioner for a determination on the merits. *Prime* offers no guidance in the application of § 678, a statute different in terms and purpose.

¶ 33. This Court's decision in *Pollard v. Wheelock* is equally unhelpful. 20 Vt. 370 (1848). In *Pollard* — decided in 1848 and cited most recently in 1853 — the Court reflected its practice that the "party prevailing in the suit only takes costs in those parts of the trial in which he prevails; and costs are allowed the other party in those portions of the case in which he prevails, and judgment is rendered for the party finally prevailing only for the balance."[3] *Id.* at 373. *Pollard* addressed assessment of costs only, and not attorney's fees. Costs are awarded to a prevailing party "[b]y the long established practice and universally recognized rule of the common law," while it has long been the rule that attorney's fees "are not ordinarily recoverable." *Buckhannon*, 532 U.S. at 606 n.8 (quotations omitted). That this Court recognized in 1848 that costs are

_____

[3] The procedure governing the recovery of costs is now set forth by rule. See V.R.C.P. 54(d)(1) ("Costs other than attorneys' fees shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs."); V.R.A.P. 39 (setting forth procedure for recovery of costs on appeal); see also 10 C. Wright et al., Federal Practice & Procedure: Civil § 2667, at 209 (3d ed. 1998) (observing that it would be unsound to allow judgment for costs in the court of appeals to be set off against judgment for costs in the Supreme Court because "a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is *finally* decided" (emphasis added)).

Court recognized in 1848 that costs are recoverable by a prevailing party does not lead to a conclusion that the Legislature intended to depart from the American Rule by allowing attorney's fees in workers' compensation cases without a final judgment on the merits.

¶ 34. The majority cites *Buckhannon* for the proposition that a prevailing party "is generally defined as a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Ante,* ¶ 11 (quotation omitted). Relying on this statement, the majority concludes that claimant here "was plainly the prevailing party in the appeal." *Id.* The United States Supreme Court did not, however, equate a mandate with a judgment as the majority does here. It is clear that the *Buckhannon* Court would not reach the majority's result since *Buckhannon* held that to be a prevailing party entitled to attorney's fees a party must secure a judgment on the merits or a court-ordered consent decree. 532 U.S. at 604.

¶ 35. We should employ the same approach, and deny attorney's fees in the absence of a final judgment or consent decree actually closing the case. Under § 678(b), employers need not pay a claimant's attorney's fees except in tandem with an order to pay an award of compensation. Accordingly, I respectfully dissent from making employer pay such fees before claimant actually wins her case.

¶ 36. I am authorized to state that Chief Justice Reiber joins this dissent.