**State of Vermont**
**Superior Court - Environmental Division**

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

__In re Lathrop Limited Partnership II__                    **Docket No. 210-9-08 Vtec**
**(Appeal of Lathrop Limited Partnership of DRB Denial)**

__In re Lathrop Limited Partnership Act 250 Permit__        **Docket No. 136-8-10 Vtec**
**(Appeal of Lathrop Limited Partnership of Act 250 Denial)**

Title: Bill of Costs for Donald and May Morris (Filing No. 20)

Filed: November 6, 2013

Filed By: Donald and May Morris

Response in Opposition filed on 11/25/13 by Lathrop Limited Partnership

Reply to Lathrop's Opposition filed on 12/9/13 by Donald and May Morris


___ Granted                    X_ Denied                    ___ Other

        Donald and May Morris submitted a Bill of Costs following our October 18, 2013 Decision and Judgment Order approving an application by Lathrop Limited Partnership ("Lathrop") for municipal and state land use approval for a sand and gravel extraction project in the Town of Bristol, Vermont.  The Morrises submit the Bill of Costs for $231.82 pursuant to V.R.C.P. 54 and 32 V.S.A. § 1471.  The Bill of Costs consists of the cost to depose Lathrop's surveyor, Ronald LaRose.  Lathrop filed a timely objection to the Morrises' Bill of Costs.

        V.R.C.P. 54(d)(1) authorizes this Court to impose the costs of the prevailing party, other than attorney's fees, on the opposing party or parties.  Awarding costs to the prevailing party in a civil action pursuant to V.R.C.P. 54(d)(1) is a discretionary matter for the trial court.  See, e.g., Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶16, 176 Vt. 465 (citing Peterson v. Chichester, 157 Vt. 548, 553 (1991)).  Likewise, imposing the costs of depositions is subject to the court's discretion and requires the court to find that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial.  V.R.C.P. 54(g).

        "[A] 'prevailing party' is generally defined as a 'party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" McNally v. Dept. of PATH, 2011 VT 93, ¶ 11, 190 Vt. 590 (quoting Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res., 532 U.S. 598, 603 (2001)).  Here, the Court entered judgment granting approval of Lathrop's applications.  Lathrop's voluntary choice during the proceedings to propose a relocation of the access road to an area further from the Morrises' home does not change the effect of our determination here.  See Buckhannon Bd. and Care Home, Inc., 532 U.S. at 605 (noting that the U.S. Supreme Court has "only awarded attorney's fees where the plaintiff has received a judgment on the merits").  Moreover, while we decline to dispute the Morrises' allegation that "[t]heir overall objective was satisfied," we note that the Morrises continued to

participate throughout the multi-day coordinated trial in relation to various other legal issues and also joined in the filing of post-trial proposed findings of fact and conclusions of law against the proposed Lathrop project.  Because we are not convinced that the Morrises should be considered a "prevailing party" in this matter, we decline to award the costs that they have requested.

For these reasons, we **DENY** the Bill of Costs submitted on behalf of Donald and May Morris.

_____          ____February 11, 2014_____
Thomas S. Durkin, Judge                                    Date
===============================================================================
Date copies sent: _____                                    Clerk's Initials: _____
Copies sent to:
  Service List