2022 IL App (1st) 182211-U
No. 1-18-2211
June 30, 2022

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF<br>DIANA LYNN BARR CRECOS,<br><br>    Petitioner-Appellee,<br><br>  v.<br>GREGORY CRECOS<br>    Respondent-Appellant. | ) Appeal from the Circuit Court<br>) of Cook County, Illinois<br>)<br>) No. 07 D 10902<br>)<br>) The Honorable<br>) Robert W. Johnson,<br>) Judge Presiding.<br>) |

JUSTICE WALKER delivered the judgment of the court.
Justices Pierce and Johnson[1] concurred in the judgment.

**ORDER**

¶ 1    *Held*:  An appellant prevails on appeal when the appellate court reverses the trial court's judgment, even if the appellate court remands for further proceedings in which the appellee might prevail. The trial court may award fees without seeing detailed time records from the attorneys when the court's familiarity with the case and the issues allows the court to make an informed decision regarding fees.

---

[1] Justice Johnson replaces Justice Griffin, who retired after this court issued its original opinion.

¶ 2       In 2007, Diana Lynn Barr Crecos and Gregory Crecos began divorce proceedings. The trial court entered a final judgment dissolving the marriage on December 24, 2009. The parties have litigated various post-judgment issues in both the trial and appellate courts for several years. The trial court granted Diana's petitions for an award of attorney fees incurred in two appeals. Gregory challenges the award arguing that Diana did not prevail in one of the appeals, and she did not sufficiently prove the reasonableness of the fees and costs. We find that Diana prevailed in both appeals, and the trial court did not abuse its discretion in awarding fees. We affirm the trial court's judgment.

¶ 3                                    BACKGROUND

¶ 4       Diana and Gregory married in 2000 and had two children. Diana petitioned for dissolution of the marriage in 2007. On December 24, 2009, Judge Jeanne Reynolds entered an order dissolving the marriage, allocating the parties' assets, and directing Gregory to pay child support of $10,000 per month. Gregory appealed, and the appellate court affirmed the judgment. *In re Marriage of Crecos*, 2012 IL App (1st) 102158-U (*Crecos I*).

¶ 5       The circuit court assigned the case to Judge Raul Vega on July 15, 2010, for post-decree issues.  Diana filed a motion for substitution of judge as of right, and Judge Vega denied the motion on July 27, 2010. Gregory filed a petition to modify child support, and on August 11, 2010, he filed a motion for "Turnover of Property," alleging that Diana stole property not mentioned in Judge Reynolds's 2009 order. On May 24, 2013, Judge Vega entered an order awarding Gregory a judgment against Diana for $746,000. Diana appealed, challenging all orders entered by Judge Vega on grounds that he erred when he denied her motion for

substitution of judge. After Diana filed her appeal, the trial court entered an order, dated December 17, 2013, garnishing her wages.

¶ 6       In the 2013 appeal, Diana argued: (1) Judge Vega improperly denied the motion for substitution of judge, making all subsequent orders void; (2) Judge Vega's finding that Diana stole property from Gregory constituted an unjust modification of the 2009 judgment; (3) Gregory's list of allegedly stolen property, all not listed in the 2009 judgment and all not mentioned in Gregory's appeal from that judgment, showed that either Gregory fraudulently hid property from Judge Reynolds or Gregory lied to Judge Vega about the items; (4) the law of the case barred Gregory's claim that Diana stole his property; (5) Judge Vega denied Diana her right to a jury trial on Gregory's claim for conversion of his property; (6) the evidence did not support Judge Vega's award of $746,000 in damages for conversion; and (7) the appellate court should vacate the wage garnishment.

¶ 7       The appellate court agreed with Diana's first argument and vacated all of Judge Vega's orders and the wage garnishment. *In re Marriage of Crecos*, 2015 IL App (1st) 132756 (*Crecos II*). The case was remanded for further proceedings on Gregory's petition to modify child support and his motion for turnover of property.

¶ 8       In March 2016, Diana filed a petition for attorney fees and costs incurred in defending against Gregory's appeal in *Crecos I*, and she filed a separate petition for attorney fees and costs incurred for the appeal in *Crecos II*. The record presented to the trial court included the appellate briefs her attorneys filed and affidavits from the attorneys stating the hourly charges and total fees for each appeal. Diana did not file time records detailing the work attorneys'

performed for each hour charged. Diana sought fees and costs of $32,952.50 for *Crecos I* and fees and costs of $90,840.57 for *Crecos II*. Gregory's attorneys charged him more than $107,000 for 248 hours of work on the appeal in *Crecos II*.

¶ 9 The trial court held a hearing on Diana's petitions for fees in July 2018. Gregory moved for a directed finding in his favor on grounds that Diana failed to present detailed time records. The trial court denied Gregory's motion and, on September 17, 2018, entered an order granting Diana the fees and costs she sought. Gregory appealed, and we found we lacked jurisdiction because the trial court entered a non-final order for interim fees. *In re Marriage of Crecos*, 2020 IL App (1st) 182211. Our supreme court reversed the decision and instructed us to address Gregory's appeal on the merits. *In re Marriage of Crecos*, 2021 IL 126192. We now do so.

¶ 10 ANALYSIS

¶ 11 On appeal, Gregory raises two arguments, (1) the trial court should not have awarded Diana any fees for *Crecos II* because she did not prevail, and (2) the court should not have awarded any fees because Diana did not prove the reasonableness of the fees and costs. We review the trial court's award of fees for an abuse of discretion. *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 44.

¶ 12 Prevailing Party

¶ 13 Section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) provides:

"The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable

amount for his own or the other party's costs and attorney's fees. *** Awards may

be made in connection with the following:

***

(3) The defense of an appeal of any order or judgment under this Act, including the

defense of appeals of post-judgment orders.

(3.1) The prosecution of any claim on appeal (if the prosecuting party has

substantially prevailed)." 750 ILCS 5/508(a) (West 2016).

¶ 14    Gregory contends Diana did not substantially prevail on any claim appealed in *Crecos II*

because the appellate court sent the case back to the trial court for further hearings on Gregory's

claims concerning child support and Diana's alleged theft of Gregory's property.

¶ 15    The parties have not cited Illinois cases deciding whether an appellant substantially

prevailed in similar circumstances. We find several cases from other jurisdictions persuasive.

In *McNally v. Department of PATH*, 2011 VT 93, ¶¶ 8-11, 190 Vt. 590, 592–93, 31 A.3d 333,

336–38 (2011), a party contended his opponent had not prevailed because the appellate court

only reversed and remanded for further proceedings. The court found:

"In support of its argument that claimant is not entitled to any attorney's fees,

employer cites various courts holding that attorney's fees are warranted only when

a party 'prevails' on the merits of the case or at least achieves some success on a

significant legal issue in the case. [Citations.]

These cases *** do not involve statutes pertaining to attorney's fees exclusively for

proceedings on appeal. ***

*** [W]e must construe the word 'prevails' in the limited context of the appellate proceedings rather than the case as a whole. ***

As the United States Supreme Court noted in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835 (2001), a 'prevailing party' is generally defined as a "'party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" 532 U.S. at 603, 121 S. Ct. 1835 (quoting Black's Law Dictionary 1145 (7th ed. 1999)). In this case, claimant was plainly the prevailing party in the appeal. As noted, our mandate reversed the Commissioner's judgment and remanded the matter for the Commissioner to make necessary findings and apply the appropriate law, neither of which the Commissioner had done in the administrative proceedings from which claimant appealed. Although we do not know if claimant will ultimately prevail on her claim for benefits, her appeal was necessary to keep her claim alive and compel the Commissioner to consider the salient facts and apply the correct legal standard. Given these circumstances, claimant prevailed in the distinct proceeding before this Court and thus is entitled to reasonable attorney's fees." *McNally*, 2011 VT 93, ¶¶ 8-11.

¶ 16 The Ohio Supreme Court held: "A party who appeals an order or judgment and prevails to the extent that he obtains a new trial *** is a 'prevailing party' within the contemplation of [the statute allowing fees for a party prevailing on appeal]. There is nothing in that section that requires a finding that a prevailing party on an appeal is limited to one who succeeds in having

a 'complete victory,' which presumably means having the entire matter determined in his favor without a remand to the tribunal from which the appeal is taken for further proceedings." *Parker v. I&F Insulation Co.*, 2000-Ohio-151, 89 Ohio St. 3d 261, 265, 730 N.E.2d 972, 976–77 (2000).

¶ 17    Similarly, the New Hampshire Supreme Court held, "although we did not award medical payments to the employee for her chiropractic treatment, the employee is entitled to fees and costs incurred on appeal to this court because she received a right—the right to have ... a hearing on entitlement to benefits on remand from this appeal—that [s]he did not possess prior to [this] appeal." (Internal quotation marks omitted) *In re Silk*, 156 N.H. 539, 543, 937 A.2d 900, 904–05 (2007). As one Illinois court found, "[t]here seems to be no conceivable reason why the legislature should want to deny compensation for services in reversing an erroneous and therefore unjust decree." *Gilmore v. Gilmore*, 74 Ill. App. 3d 831, 835**,** 393 N.E.2d 33 (1979). We find that Diana substantially prevailed in the appeal in *Crecos II* when the appellate court vacated all the orders Judge Vega entered.

¶ 18    Gregory argues that Diana prevailed in *Crecos II* only on her argument concerning the denial of the motion for substitution of judge. He also contends that the trial court should have limited its award to the expenses incurred in making that argument, awarding nothing for the many other arguments Diana raised. Gregory relies on *In re Marriage of Murphy*, 203 Ill .2d 212, 219, 786 N.E.2d 132 (2003), where our supreme court stated, "in the context of a petition for fees for prosecution of an appeal, the circuit court may only award fees incurred *for those*

*individual claims* on which the appellant can be said to have 'substantially prevailed' on appeal." (Emphasis in original.) The court clarified:

"Our interpretation *** comport[s] with the plain language of the statute, giving effect to all of the words penned by the legislature. *** [I]t eliminates the difficulty which the appellate court frankly confronted, of determining how much relief the appellant must obtain in a multi-issue appeal so as to 'substantially prevail.' This is difficult in any multi-issue appeal; it would be far more difficult in an appeal in which one or more of the claims involved nonmonetary concerns—as is frequently the case in dissolution proceedings. It is a discomforting prospect to require the circuit court to determine whether a party 'substantially prevailed' in an appeal in which he succeeded in overturning the child support amount but failed in his appellate claim that he should receive visitation. Although we acknowledge that it still may at times be more of an art than a science for a court to determine whether an appellant has substantially prevailed with respect to an individual issue, the difficulty will be lessened if the court is not required to weigh the relative import of issues raised."

¶ 19       In *Crecos II*, Diana sought reversal of the orders entered on July 27, 2010, May 24, 2013, and December 27, 2013. The appellate court vacated all those orders. Thus, Diana prevailed on all claims she raised in the appeal. The court's reliance on a single argument for reversing all the orders does not make Diana's victory less complete. Unlike the court in *Murphy*, the court in *Crecos II* did not decide any issue against Diana. Instead, the *Crecos II* court had no

need to address Diana's other arguments because she prevailed on her first argument. We find Diana substantially prevailed on all claims raised in her appeal in *Crecos II*.

¶ 20                                    Sufficiency of the Evidence

¶ 21       Gregory contends Diana did not prove the right to an award of fees because her attorneys did not submit detailed records specifying the attorneys' services and how much time the attorneys spent on those services. See *In re Marriage of Shinn,* 313 Ill. App. 3d 317, 323, 729 N.E.2d 546 (2000).

¶ 22       In some circumstances, the trial court has sufficient evidence to support an award of attorneys' fees without detailed time records as with *In re Marriage of Hasabnis,* 322 Ill. App. 3d 582, 59**7**, 749 N.E.2d 448 (2001), where the court held that "the trial court did not abuse its discretion when it declined to order production of the billing records or when it saw no need to examine those records. *** [T]he trial judge had enough evidence to make an informed decision." *In re Marriage of Patel,* 2013 IL App (1st) 112571, ¶ 11**0**, 993 N.E.2d 1062, also addressed an argument of billing records lacking sufficient specificity. The *Patel* court found, "a court may use its own experience to determine the reasonableness of the fee amounts requested. [Citation.] Due to its lengthy involvement with this case and the extensive hearings on the attorney fees issue, the trial court had a detailed understanding of what work was performed by the attorneys and whether it was reasonable and necessary." *Id.* In *Van Fleet v. Van Fleet*, 50 Ill. App. 3d 172, 175 (1977), the attorneys did not keep accurate and contemporaneous records of their time. In their request for fees, they estimated the amount of time spent on the case and provided their hourly rate. The *Van Fleet* court found: "The matter

of fixing attorney's fees is one of the few areas in which a trial judge may rely on the pleadings, affidavits on file and his own experience." *Id.* at 175. The court further found that the trial court may rely on knowledge acquired in the discharge of professional duties to value legal fees.

¶ 23    Here, the trial judge could rely on his knowledge concerning the complexity of the case, the issues involved, and the amount Gregory's attorneys charged Gregory for their work on appeal to determine whether Diana's attorneys charged a reasonable amount for their services. The trial court did not abuse its discretion in awarding attorneys' fees to Diana's attorneys for their work on the appeals in *Crecos I* and *Crecos II*.

¶ 24                                CONCLUSION

¶ 25    Diana substantially prevailed on all claims she raised in her appeal in *Crecos II*. The trial court did not abuse its discretion in awarding fees for the two appeals. Accordingly, we affirm the trial court's judgment.

¶ 26    Affirmed.